UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and FLEETWOOD GROBLER,<br><br>                Defendants. | Case No. 1:20-cv-01008-JSR<br><br>**SUPPLEMENTARY BRIEF IN FURTHER SUPPORT OF DAVID COHN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

**Page**

I.    THERE IS NO GENUINE DISPUTE THAT MR. COHN IS THE PRESUMPTIVE LEAD PLAINTFF ................................................................................... 1

II.   THERE IS NO EVIDENCE SUGGESTING THAT MR. COHN IS ATYPICAL OR INADEQUATE ........................................................................................................ 2

III.  THERE ARE SERIOUS QUESTIONS CONCERNING SARATOGA'S ADEQUACY TO REPRESENT THE CLASS .................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Hevesi v. Citigroup, Inc.*,
  366 F.3d 70 (2d Cir.2004) ..................................................................................................3

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015) ........................................................................1, 3, 4

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y.2004) ..........................................................................................1

*Police and Fire Retirement Sys. of City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013) ..................................................................................................3

### STATUTES

PSLRA ..............................................................................................................................................3

Securities Exchange Act ..................................................................................................................2

### OTHER AUTHORITIES

Fed. R. Civ. P. 23 ............................................................................................................................2

Pursuant to the Court's April 23, 2020 Order (ECF No. 46), Lead Plaintiff movant David Cohn ("Mr. Cohn") respectfully submits this supplementary brief in further support of his motion for appointment as lead plaintiff and approval of his selection of counsel to address three discrete issues arising from the movants' arguments at the April 23, 2020 telephonic lead plaintiff hearing.

## I.   THERE IS NO GENUINE DISPUTE THAT MR. COHN IS THE PRESUMPTIVE LEAD PLAINTFF

Under any recognized metric, Mr. Cohn has the largest financial interest in the relief sought by the class.[1]  Here, Mr. Cohn bought and retained 5,000 shares throughout the alleged Class Period, expended $125,750 in net funds and sustained losses of $71,705.17.

By contrast, the sole remaining movant, Saratoga, bought 2,700 during the Class Period, retained 0 shares at the end of the Class Period, expended a net of $15,127.50 during the Class Period, and suffered net losses of $15,127.50.  *See* ECF 30-3.[2]  At the April 23, 2020 telephonic hearing, Mr. Cohn's counsel erroneously stated that Saratoga suffered net losses of $381.40. This figure was derived from a spreadsheet formula error.  Counsel apologizes for any confusion caused by this error.  Nevertheless, it remains that Mr. Cohn claims net losses more than four times greater than those of Saratoga.[3]

---

[1] *See Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.,* 229 F.R.D. 395, 404-05 (S.D.N.Y.2004) (describing the *Lax* factors for determining financial interest).

[2] Saratoga offers no legal support for its Adjusted LIFO loss calculation of 16,825.30, which excludes purchases during the Class Period that were later sold prior to any corrective disclosure. *Id*.

[3] *See In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621 (S.D.N.Y. 2015) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y.2007)) ("In determining each proposed lead plaintiff's financial interest in the litigation, courts consider first and foremost the amount of their respective losses.").

Similarly without question, Mr. Cohn has made a *prima facie* showing satisfying Rule 23's typicality and adequacy standards.  Mr. Cohn's claims are typical of class members since he purchased Sasol shares during the Class Period in reliance on Defendants' alleged misrepresentations.  ECF No. 23-5 at ¶ 3.  Moreover, Mr. Cohn has proven himself adequate to serve as Lead Plaintiff.  Unlike other movants, Mr. Cohn voluntarily provided background information about himself that shows he is well-suited to represent the Class, including:

- He is an experienced investor with over 25 years of investing experience.  *Id*. at ¶ 2;

- He holds a deep understanding of the accounting and financial reporting issues in this case against Sasol, an energy company, as he worked as a CPA for a large regional CPA firm and as a tax accountant for a company in the oil and gas sector. *Id*.;

- He understands and is committed to carrying out the role of a Lead Plaintiff.  *Id.* at ¶ 4 and

- He has selected qualified counsel.  *Id.* at ¶ 5; *see also* ECF No. 23-4.

## II.  THERE IS NO EVIDENCE SUGGESTING THAT MR. COHN IS ATYPICAL OR INADEQUATE

None of the movants have come forward with "proof" showing Mr. Cohn will not fairly and adequately protect the interests of the class, or that he is subject to unique defenses that render Mr. Cohn incapable of adequately representing the class.  Indeed, the only challenge leveled against Mr. Cohn is that he acquired his Sasol shares toward the later end of the alleged class period on June 5, 2019.  But the timing of Mr. Cohn's purchase does nothing to diminish his typicality or adequacy.

As plainly alleged in the Complaint, Mr. Cohn bought during the alleged fraudulent period and while artificial inflation remained in Sasol's share price.  As with other class members who purchased before him (and after), Mr. Cohn suffered losses when the truth was revealed through a series of disclosures ending January 13, 2020.  *See* ECF No. 1 at ¶¶ 78-87.  Moreover, Defendants' violation of the Securities Exchange Act vis-à-vis Mr. Cohn inhered in

making the same misstatements and omissions to Sasol investors who purchased earlier in the Class Period (*i.e.*, concealment of the control weaknesses, delays, rising costs, technical and safety issues at the Lake Charles Chemicals Project ("LCCP") and Sasol's top-level management's improper and unethical behavior with respect to financial reporting for the LCCP and the project's oversight). Accordingly, Mr. Cohn's claims mirror those of all classmembers, and he has the incentive to prosecute claims on their behalf.

In any case, as this Court recognized in *Petrobras*, 104 F. Supp. 3d at 624, lead plaintiff status does not require an applicant to have purchased all manner of securities issued by the corporate defendant at all times throughout the Class Period.[4] Indeed, should an issue arise concerning the timing of Mr. Cohn's transactions, the matter can be easily addressed through "the addition of named plaintiffs to aid the lead plaintiff in representing a class."[5]

Accordingly, Mr. Cohn respectfully requests that the Court grant his motion for appointment as Lead Plaintiff and approval of his choice of counsel.

### III. THERE ARE SERIOUS QUESTIONS CONCERNING SARATOGA'S ADEQUACY TO REPRESENT THE CLASS

Saratoga's actions to date present serious questions as to whether it will provide the investor-driven leadership the PSLRA intends. At the telephonic hearing, its representative essentially confirmed it had not considered any other law firm to represent it in this case, but rather chose the Finkelstein & Krinsk LLP firm based on its previous representation of it or Saratoga's representative in prior class actions. That still does not explain how Glancy Prongay & Murray LLP was chosen to be lead, suggesting counsel is calling the shots, not the client.

---

[4] *See also Police and Fire Retirement Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013).

[5] *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82–83 (2d Cir.2004).

Perhaps more troubling, Saratoga had not even entered into a retainer agreement with counsel and suggested it would accept Finkelstein & Krinsk LLP's standard fee arrangement without negotiation. Nor could Saratoga (or its counsel) adequately explain why two firms were needed to serve as lead counsel.

By contrast, Mr. Cohn vetted his chosen counsel and secured a negotiated fee agreement with one firm. On this record, Mr. Cohn "is far more likely to deliver the vigorous, investor-driven representation to which the class is entitled than [Saratoga]."[6]

For the foregoing reasons, and those given in his opening brief and at the April 23, 2020 telephonic hearing, the Court should grant Mr. Cohn's motion for appointment as Lead Plaintiff and approval of his choice of counsel.

DATED: April 30, 2020

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ Lucas E. Gilmore
    LUCAS E. GILMORE, admitted *pro hac vice*
Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff David Cohn*

---

[6] *Petrobras*, 104 F. Supp. 3d at 624.

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                      */s/ Lucas E. Gilmore*
                                                       LUCAS E. GILMORE