UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
CHAD MOSHELL,

          Plaintiff,

          -against-

SASOL LIMITED et al,

          Defendants.
```

20-cv-1008 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

This is a putative class action filed by plaintiff Chad Moshell on behalf of similarly situated shareholders against defendant corporation Sasol Limited ("Sasol"), a South African chemical and energy company, and a number of individual defendants. Complaint ¶ 1, ECF No. 1. The complaint alleges that the defendants made false and misleading statements related to the construction of a new ethane cracker and derivatives complex in Louisiana, known as the Lake Charles Chemicals Project ("LCCP"). Id. ¶ 4. Specifically, it is alleged that defendants failed to disclose the true expense of, problems with, and mismanagement of the LCCP. Id. It is further alleged that when the truth about the project's cost and problems emerged through later disclosures, Sasol's American depositary receipt price dropped, injuring investors. Id. ¶¶ 5-14. Based on these allegations, the complaint makes claims of violation of (1)

1

Section 10(b) of the Exchange Act and Rule 10b-5; and (2)
Section 20(a) of the Exchange Act.

Now before the Court are motions by two Sasol shareholders,
David Cohn ("Cohn") and Saratoga Advantage Trust Energy & Basic
Materials Portfolio ("Saratoga"), for appointment as lead
plaintiff pursuant to the Private Securities Litigation Reform
Act (the "PSLRA").[1] For the following reasons, the Court appoints
Cohn lead plaintiff, and Cohn's chosen counsel, Hagens Berman
Sobol Shapiro LLP ("Hagens Berman"), as lead counsel.

I.   Appointment of Lead Plaintiff

     a. Legal Framework

The PSLRA governs the appointment of a lead plaintiff in
"each private action arising under [the Exchange Act] that is
brought as a plaintiff class action pursuant to the Federal
Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It provides
that within 20 days of the filing of the action, the plaintiff
is required to publish notice in a widely circulated business-
oriented publication or wire service, informing class members of
their right to move the Court, within sixty days of the
publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-
4(a)(3). After notice has been published, the Court is then to

_____

[1] Originally, two other individuals also moved for appointment as
lead plaintiff, but have since withdrawn their motions. See ECF
No. 31, 44.

2

consider any motion made by any class member to be appointed lead plaintiff and is to appoint as lead plaintiff the plaintiff that the Court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Such a presumption may nonetheless be rebutted upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

b. Analysis

Based on these statutory factors, Cohn is the presumptive most adequate plaintiff. First, Cohn submitted a timely motion. Second, Cohn has the largest financial interest in the relief sought by the class. To determine which plaintiff has the

largest financial interest, courts look to factors such as the number of shares purchased and the losses suffered during the class period. See In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (citation omitted). Here, Cohn reports a loss of $71,705.17 based on his purchase of 5,000 shares and 5,000 net shares. Decl. of Lucas Gilmore ("Gilmore Decl."), Exh. B, ECF No. 23-2. Saratoga reports a substantially lower loss of $16,825.30 based on 2,700 gross shares and 0 net shares. Decl. of Gregory Linkh ("Linkh Decl."), Exh. C, ECF No. 30-3. Cohn thus has the largest financial interest.

Furthermore, Cohn satisfies the requirements of Rule 23. At the lead plaintiff stage, "a lead plaintiff movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." In re Tronox, Inc., 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (citation omitted). Typicality is satisfied when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. See Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015). Cohn, like the complainant, alleges that defendants' material misstatements and omissions concerning the LCCP violated the federal securities laws and that he was injured when disclosure of the truth about LCCP caused the value of the Sasol securities he purchased to decline. Thus, his claims are typical. See In re Petrobras Sec.

Litig., 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (finding
typicality where a plaintiff sought "recovery for losses
incurred as a result of defendants' alleged misrepresentations
and omissions with respect to" a single course of conduct "whose
revelation resulted in declines in the price of . . .
securities").

Cohn also meets Rule 23's adequacy requirement. "The adequacy
requirement is satisfied where: (1) class counsel is qualified,
experienced, and generally able to conduct the litigation; (2)
there is no conflict between the proposed lead plaintiff and the
members of the class; and (3) the proposed lead plaintiff has a
sufficient interest in the outcome of the case to ensure
vigorous advocacy." Kaplan v. Gelfond, 240 F.R.D. 88, 94
(S.D.N.Y. 2007). Cohn has selected Hagens Berman, a firm
experienced in securities class action litigation and competent
to conduct this litigation. See Gilmore Decl., Exh. D. Moreover,
there is no indication of a conflict between Cohn and the class.
Finally, Cohn has lost tens of thousands of dollars as a result
of the defendants' purported misconduct, ensuring his interest
in the outcome of the case and the vigorousness of his advocacy,
which was further confirmed by his responses to the Court's
questions at the hearing on these motions held on April 23,
2020. See transcript, 04/23/2020. Thus, Cohn has made a
preliminary showing of adequacy.

Saratoga's objections to Cohn's appointment are not
persuasive. Saratoga initially argued that Cohn was not adequate
because he did not own Sasol stock prior to the time that
certain of the corrective disclosures outlined in the complaint
were made. The complaint alleges that corrective disclosures and
subsequent stock price declines occurred in June 2016, May 2019,
August 2019, and January 2020. Compl. ¶¶ 5-13. Cohn owned shares
prior to two of these four disclosures and price drops, but not
the first two. Gilmore Decl., Exh. B. However, while Saratoga
initially claimed to be a superior plaintiff because it owned
shares prior to three of the four disclosures, see ECF No. 49 at
2-3, Saratoga has now acknowledged in a correction to its brief,
see ECF No. 51, that Saratoga, too, only owned shares prior to
two of the disclosures and price drops. Linkh Decl., Exh. C.
Thus, while it is not obvious that a failure to own shares prior
to the first two disclosures would impede Cohn's ability to act
as lead plaintiff,[2] Saratoga is, in any case, no better
positioned in this respect. Saratoga additionally argues that it

---

[2] While some courts have discounted a potential lead plaintiff's
losses where that plaintiff "purchased and sold all of its
shares prior to any" corrective disclosure and thus could not
"prove a causal connection between the alleged fraudulent
conduct and its losses," Cohn is not such an "in-and-out"
trader. Bensley v. FalconStor Software, Inc., 277 F.R.D. 231,
237 (E.D.N.Y. 2011). Cohn purchased shares before, and retained
them after, two alleged corrective disclosures.

would be a more adequate plaintiff because it is an
institutional investor.

While Saratoga's status as an institutional investor may
indicate its own adequacy as a plaintiff, however, it does
nothing to rebut the presumption that Cohn is also an adequate
plaintiff, a presumption that, as noted, was supported by the
interview of Mr. Cohn that the Court conducted during the
hearing on these motions. In short, the PSLRA creates a
presumption that Cohn is the most adequate plaintiff based on
his claimed losses. Because Saratoga has failed to rebut this
presumption, and because the Court is independently satisfied
that Cohn is an adequate lead plaintiff, the Court appoints Cohn
as lead plaintiff in this matter.

II. <u>Appointment of Lead Counsel</u>

Having appointed Cohn lead plaintiff, the Court must decide
whether to appoint Cohn's chosen counsel, Hagens Berman, as lead
counsel. The PSLRA directs the lead plaintiff to select and
retain counsel to represent the class, subject to the Court's
approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "The PSLRA 'evidences a
strong presumption in favor of approving a properly-selected
lead plaintiff's decisions as to counsel selection and counsel
retention.'" <u>Kaplan v. S.A.C. Capital Advisors, L.P.</u>, 311 F.R.D.
373, 383 (S.D.N.Y. 2015) (quoting <u>Varghese v. China Shenghuo
Pharm. Holdings, Inc.</u>, 589 F. Supp. 2d 388, 398 (S.D.N.Y.

2008)). Here, Hagens Berman's resume demonstrates that it possesses experience litigating securities class actions and has had success in these matters in the past. See Gilmore Decl., Exh D. This demonstrates that the firm is experienced and competent such that approval is warranted. Further, the Court has examined Hagens Berman's retainer agreement with Mr. Cohn, and while that agreement is not binding on the Court, it reinforces the Court's confidence in Hagens Berman's professionalism. The Court thus appoints Hagens Berman as lead counsel.

    SO ORDERED.

Dated:   New York, NY
         May 4, 2020

         _____
         United States District Judge