# HACH ROSE SCHIRRIPA & CHEVERIE LLP

## ATTORNEYS AT LAW

October 27, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2020

**VIA ECF**

Hon. John Peter Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Moshell v. Sasol Limited, et al.,* No. 1:20-cv-01008-JSR (S.D.N.Y.)

Dear Judge Cronan:

By way of introduction, my firm was recently retained to represent three of the six confidential witnesses referenced in the Amended Complaint in the above-referenced action. Over the past week and a half, CW-1, CW-3 and CW-6 have been subpoenaed by Defendants for three simultaneous depositions this upcoming Friday, October 30th, and subpoenaed by Plaintiff for a subsequent deposition on December 7th, 8th, and 9th, respectively. As counsel for CW-1, CW-3 and CW-6, we respectfully request a pre-motion conference in connection with our anticipated motion for entry of a protective order, pursuant to Fed. R. Civ. P. 26(c)(1)(B), consistent with this Court's Stipulation and Order on Protocol For Remote Depositions, dated October 5, 2020 (Dkt. No. 87).

As this Court ordered, "[a] witness may presumptively be deposed in his or her individual capacity only once in this Action, unless otherwise agreed to by the Parties in writing or authorized by an order of the Court upon a showing of good cause by the Party seeking the additional deposition." (Dkt. No. 87 at 7). On October 16, 2020, Defendants issued subpoenas for my clients' depositions[1] and on October 20th, asked to schedule all three for October 30, 2020. Then, on October 21, 2020, Plaintiff's Counsel issued subpoenas to depose my clients again on December 7-9, 2020. Additionally, that same day, Plaintiff's Counsel informed me by way of letter correspondence that they were continuing to meet and confer with Defendants concerning the timing of my clients' depositions, with the eye toward preventing these non-parties from appearing for multiple depositions and working together to schedule their depositions for a mutually convenient date.

Last Friday, on October 23, 2020, I wrote to Defendants' Counsel, copying Plaintiff's Counsel, informing all parties that my non-party clients would not appear for multiple depositions in this action. I further requested that, as the operative scheduling

---

[1] CW-1 was presented with the subpoena on October 17, 2020. We make no representation as to the sufficiency of personal service upon CW-1. In the interest of compromise, the undersigned counsel subsequently agreed to accept service of CW-1's subpoena.

112 MADISON AVENUE, • 10TH FLOOR • NEW YORK, N.Y. 10016
TELEPHONE 212.213.8311 • FACSIMILE 212.779.0028 • WWW.HRSCLAW.COM

Hon. John Peter Cronan
October 27, 2020
Page 2

order in this matter requires, my clients' third party witness depositions be completed by February 5, 2021, and explained it would make the process more efficient if the parties and non-parties could meet and confer in good faith to discuss mutually agreeable dates for deposing CW-1, CW-3 and CW-6.

Through email correspondence on October 26, 2020, Defendants' Counsel refused to adjourn CW-1 deposition, and have argued that they plan to make a record and notify the Court should CW-1 not appear. In addition, Defendants' Counsel states that they would not consider more than "a modest (a day or two) adjournment" for CW-3 and CW-6 deposition from October 30th."

While we have just recently received copies of the deposition subpoenas for these three confidential witnesses, we have also received subpoenas duces tecum for documents related to CW-1, CW-3, and CW-6. My clients are intending to produce documents responsive to the subpoenas, however, we have yet to serve formal objections to both sets of subpoenas in accordance with the Federal Rules of Civil Procedure. Again, we have indicated to the Parties that CW-1, CW-3 and CW-6 would sit for a remote deposition at a mutually agreeable time in the future and are merely asking for courtesy with respect to scheduling of these depositions.

Accordingly, we respectfully request a pre-motion conference in furtherance of my clients', three non-party witnesses, motion for a protective order limiting their depositions to just one-day of testimony on a mutually agreeable date.

Respectfully,

Frank R. Schirripa

cc:    Defendants' Counsel of Record (*via* ECF)
       Plaintiff's Counsel of Record (*via* ECF)

The October 30, 2020 deadline for Defendants to conduct depositions of CW-1, CW-3, and CW-6 is adjourned *sine die*. Plaintiffs, Defendants, and Counsel for CW-1, CW-3, and CW-6 are ORDERED to appear before the Court for a Conference on November 5, 2020, at 4:00 p.m. to discuss the issues raised in this letter-motion. In light of the ongoing COVID-19 pandemic, the Court will conduct the IPTC by teleconference. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.
SO ORDERED.
Date: October 29, 2020

New York, New York

JOHN P. CRONAN
United States District Judge

HRSC LLP