# EXHIBIT 11

| | |
|---|---|
| **From:** | Prunetti, Nicole |
| **To:** | Jerrod C. Patterson; steve@hbsslaw.com; lucasg@hbsslaw.com |
| **Cc:** | Polkes, Jonathan; Zalka, Caroline; Barrington, Luna |
| **Subject:** | RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities |
| **Date:** | Tuesday, September 15, 2020 9:31:46 PM |
| **Attachments:** | image001.jpg |

Jerrod:

With regard to our calling Chambers, you cannot unilaterally prevent us from contacting the Court simply by refusing to make yourself available.  You need to consult Judge Rakoff's Rule 2(c).  We are now outside of the business hours during which Judge Rakoff permits calls so we will postpone our call until tomorrow, and again offer you the opportunity to provide a time that you can conveniently join this call.  If you do not do so, pursuant to Judge Rakoff's Rules, we will email the court with a description of your repeated refusal, and with our request for relief.

With regard to your refusal to identify the confidential witnesses and your claim that such information is privileged work product, you must know this claim is frivolous.  Prompt identification of confidential witness identities is routine practice in the Southern District of New York.  In the course of finding the *SLM* case you cite, you surely learned that the holding in that case is no longer the prevailing law in the Southern District of New York. *See*, *e.g.*, *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 WL 1896934, at *1 (S.D.N.Y. May 7, 2013).  Cases decided since *SLM* make clear that confidential witness identities must be promptly disclosed. *See*, *e.g.*, *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron*, 278 F.R.D. 335, 339 (S.D.N.Y. 2011).  Moreover, as to your claim that you satisfy your discovery obligations by hiding the confidential witness identities by naming them along with others in a long list of witnesses, this notion too has been rejected often. *See id*; *see also Fort Worth Emps.' Ret. Fund*, 2013 WL 1896934, at *1.

Again, you must be aware of all this, and we can only infer that your reliance on one superseded case and discredited arguments, and your feigned ignorance of all law to the contrary, coupled with your refusal to agree to a time to contact the Court demonstrates a concerted effort to stall discovery.

With regard to the meet and confer, we can be available at 4pm ET on Thursday. If that works for you, we will circulate an invite.
Regards,
Nicole

---

**From:** Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Sent:** Tuesday, September 15, 2020 12:51 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; steve@hbsslaw.com; lucasg@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Nicole:

We believe it is premature and inefficient to contact the Court on just one issue when we have not exhausted the meet and confer process.  You've provided no legal basis to demand the identity of the CWs at this stage, and there is no obligation for us to produce this information in our Rule 26 initial disclosures.  As you probably know, courts have held that disclosure of CWs constitutes work product.  *See In re SLM Corp. Sec. Litig.*, 2011 WL 611854, at *1 (S.D.N.Y. Feb. 15, 2011) ("The identities of the sixteen (16) confidential witnesses cited in Plaintiffs' Second Amended Complaint, among the seventy-three (73) former employees already identified in Plaintiffs' 26(a) disclosures, are protected work product. . . . Absent a showing of need and undue hardship, Defendants may not force Plaintiffs to disclose the identities of witnesses interviewed during the investigation leading to the Second Amended Complaint.").  Please provide us with any legal authority you believe mandates we disclose the CWs' identity in response to an informal request so we can complete the meet and confer process on this point and determine whether an impasse exists that requires judicial intervention.

In addition, the Court will certainly prefer that we call him to discuss all of our issues during one call.  We have several issues to discuss on Thursday, and we may need Court intervention after this meet and confer.  It's in all of our interests to work collaboratively to bring the issues to the Court in an efficient fashion, rather than calling him multiple times in one week on every single issue that arises.  If you force a call today, we'll provide our Court with our position on this issue.

Regarding your first bullet below, we'll provide you with a list today of our priority documents.

For Thursday's meet and confer, I'd propose 11:00 a.m. PT/2:00 ET.

Thanks.

-- Jerrod


Jerrod C. Patterson | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9378

---

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Tuesday, September 15, 2020 8:13 AM
**To:** Jerrod C. Patterson <jerrodp@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Lucas Gilmore <LucasG@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Jerrod,

Further to the below, please let us know a time when you are available on Thursday, 9/17 to meet

and confer.

- In advance of our meet and confer on Thursday, please provide the list of prioritized RFPs today so that we can prepare accordingly and ensure the meet-and-confer is productive.
- With respect to your refusal to identify the CWs, we will raise this with the Court today. Please let us know your availability to call Chambers this morning.
- We can discuss search terms and custodians during our upcoming meet and confer (we disagree with your characterization below of the Rule 26(a)(1) disclosures).
- With respect to org charts, although Defendants have no obligation under the Federal Rules to respond to Plaintiffs' RFPs before September 30, we have been working to locate responsive org charts in a good-faith effort to expedite the parties' discussions concerning document production.  We are preparing the production consistent with the current ESI protocol and will produce them this week.

Regards,
Nicole

---

**From:** Prunetti, Nicole
**Sent:** Monday, September 14, 2020 9:33 PM
**To:** 'Jerrod C. Patterson' <jerrodp@hbsslaw.com>; steve@hbsslaw.com; lucasg@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Jerrod:

We're available to meet on confer on Thursday, 9/17 to discuss all outstanding issues, including those you note below. Please let us know a time that works for you and we'll circulate an invite.

Regards,
Nicole

---

**From:** Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Sent:** Monday, September 14, 2020 7:09 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; steve@hbsslaw.com; lucasg@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Nicole:

Our initial disclosures included the names of our CWs, as we promised.  We are not under any obligation to identify them as such in the initial disclosures, and we are not going to provide this information in response to informal requests.

Attached are our edits to the deposition protocol and the ESI protocol.  Are you available to meet

and confer this Wednesday or Thursday?

At the meet and confer, I'd like for us to discuss the following additional issues:

- Plaintiffs' RFPs.  As mentioned, we are not going to unilaterally withdraw any of our RFPs. But we do intend to provide you with a list of documents to prioritize in your production.  If you have identified specific RFPs that you believe are objectionable, please let us know so we can discuss them.
- Search terms.  Please provide us with any redlines to the search terms, which will assist us greatly with any discussions about relevance and burden of our RFPs.
- Org charts.  Please produce org charts by this Wednesday, or we'll ask the Court for intervention.  This request has been pending for weeks, and you have not offered any explanation for why their production is delayed.
- Custodians.  Relatedly, your initial disclosures were plainly deficient.  Among other things, Defendants' disclosures do not appear to include the entirety of the Steering Committee, the GEC, or the LCCP leadership throughout the Class Period.  Please amend your initial disclosures to identify these individuals, who unquestionably have discoverable information, by September 18. We also ask for an initial list of custodians by September 18.

Thank you.

-- Jerrod


Jerrod C. Patterson | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9378

---

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Saturday, September 12, 2020 7:11 AM
**To:** Steve Berman <Steve@hbsslaw.com>; Jerrod C. Patterson <jerrodp@hbsslaw.com>; Lucas Gilmore <LucasG@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

All:

Hope you're having a nice weekend. In your 9/10 email, you told us you would include the identities of the 6 CWs in your Rule 26(a) disclosures. If the CWs are among your list of disclosed witnesses, please identify/confirm which witness corresponds to which of the CWs. If they are not among your list of disclosed witnesses, please send us the identities of the CWs right away.

Regards,
Nicole



**Nicole E. Prunetti**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicole.prunetti@weil.com
+1 212 310 8683 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.