# EXHIBIT 24

| | |
|---|---|
| **From:** | Lucas Gilmore |
| **To:** | Prunetti, Nicole; Polkes, Jonathan; Zalka, Caroline; Barrington, Luna |
| **Cc:** | steve@hbsslaw.com; jerrodp@hbsslaw.com |
| **Subject:** | RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents |
| **Date:** | Monday, September 28, 2020 7:37:20 PM |
| **Attachments:** | ATT00001.jpe |

Nicole,

We write in response to your September 22 and 25 emails and in furtherance of the parties' meet and confer on various discovery issues.

First, we are in agreement on the deposition protocol. Please confirm we may affix your electronic signature. We will then get the document on file tomorrow.

Second, on the ESI protocol, we need to confer again on the following two points: (1) You have retained the striking of the language related to known ESI that is responsive needs to be produced (§ 6). We are still unclear on the basis of this objection, which is simply a statement of black-letter law. *See, e.g., U.S. ex rel. Kirk v. Schindler Elevator Corp.*, 2014 WL 1259559, at *2 (S.D.N.Y. Mar. 17, 2014) (parties sanctioned for failure to produce known responsive documents). (2) Regarding the edit to the production of natives, during the last meet and confer we discussed the fact that we believe Sasol used Primavera software for the LCCP. You stated that you did not know what software was used, and we asked you to ask your client. We'd like to confer on what software they used, and the basis for your objection to producing the software so that we can intelligibly review Sasol's production.

Regarding the proposal to produce a chart for redacted documents, we propose the following language: "The parties shall also produce an auto-generated chart for redacted documents, which will contain the following fields: BatesBegin, BatesEnd, EM – Subject, EM – To, EM - From, EM – CC, EM – BCC, EM – Date Sent, and File – Document Type." Please let us know if this is acceptable.

Third, as confirmed on our September 17 meet and confer call, we will treat Defendants' First Set of RFPs dated August 31, 2020 ("Defs. RFPs") to cover both Lead Plaintiff David Cohn and additional Plaintiff Representative Chad Lindsey Moshell and respond accordingly.

Fourth, neither Mr. Cohn nor Mr. Moshell communicated with any investment manager, advisor, or analyst in connection with their transactions in Sasol securities. They are both individual retail investors and the investment decisions as it pertains to the transactions in question were made by them exclusively.

Fifth, we confirm Defendants have until Oct. 16, 2020 to answer the SAC.

Sixth, your priority production requests are noted. Subject to our objections and responses to RFP Nos. 13, 17 and 35, we will make it a priority to produce documents responsive to these requests, to extent they exist.

Seventh, the information we have requested from Sasol omitted from the org charts is necessary for

the identification and selection of Sasol custodians.  Sasol should immediately provide this information in light of the upcoming production deadlines.

Finally, please provide a timeline for edits to our proposed search terms, which we provided to you three and a half weeks ago

Regards, Lucas

Lucas Gilmore | **Hagens Berman Sobol Shapiro LLP |** Direct: (510)725-3052

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Friday, September 25, 2020 12:36 PM
**To:** Lucas Gilmore <LucasG@hbsslaw.com>; jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Cc:** Steve Berman <Steve@hbsslaw.com>; Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Lucas:

We remind you that we are under no obligation to provide you with any information in response to your informal requests, much less by the arbitrary deadlines you purport to impose below. Rather, and as you know, we have agreed to accommodate certain of your informal requests in a good faith effort to move this case along. To date, we have either responded to your requests or have represented to you that they are in progress. Meanwhile, you have yet to acknowledge a number of our requests, including our request to prioritize the production of certain documents by the two named Plaintiffs. Needless to say, this is not a productive way to proceed. If you persist with this confrontational approach, there will be no further informal exchanges of information. Plaintiffs can avail themselves of the formal discovery tools or await Defendants' productions in due course. We respond to your points below:

- Org. Charts – It's not clear what you're asking for. As we stated in our 9/18 email, you made an unofficial request for the production of Sasol org. charts, and we produced the org charts as they are maintained in the ordinary course consistent with FRCP 34 and the presumptive ESI Protocol. You then raised that there were "technical issues" with the org. charts, but the purported issues you raised did not appear to relate to any technical issues with the charts. Please state why the specific org chart issues you mention below are relevant and an expedited priority item, at this stage.

- Steering Committee – As we have told you previously, we are working to identify those individuals. You have (informally) requested information from a 5 year period, during which individual members may have moved on and off the committee commensurate with their employment, so compiling this information will take time. We will produce it when it is ready (which, again, will be far in advance of any deadline imposed by the Federal Rules or the

case schedule).

- ESI and Dep Protocols – We sent these back in our email of 9/22. If you would like to discuss, we're available.

- Search Terms – From an IT perspective, we are in the process of collecting and processing data. We're informed that it will be at least another week, but possibly more, before we will receive search term hit reports that will inform our discussions on volume and burden. We will keep you posted. In terms of custodians, we plan to send you proposed custodians early next week. In that regard, please confirm the search terms you plan to use in connection with responding to Defendants' First Set of RFPs and what custodians you intend to search beyond the two named Plaintiffs.

There are several points raised in our 9/22 email that remain outstanding, including our request that Plaintiffs prioritize the productions in response to certain of Defendants' RFPs. Please respond to our email and let us know when we can expect the production of those documents.

Finally, for good measure, can you please confirm that Defendants have until Oct. 16, 2020 to answer the SAC, in accordance with the Civil Case Management Plan [ECF No. 76]? As written and because the SAC was filed after the parties set the Case Management Plan, the Plan currently contemplates an Answer to the AC (which is obviously defunct).

Regards,
Nicole

---

**From:** Lucas Gilmore <lucasg@hbsslaw.com>
**Sent:** Tuesday, September 22, 2020 7:03 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Cc:** steve@hbsslaw.com; jerrodp@hbsslaw.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Nicole,

We write to follow up on the email below and our ongoing meet and confer.

### *Org. Charts*

While we appreciate the org. charts were produced in the form in which they are maintained in the ordinary course of business, your email below does not substantially address the other concerns we raised last week via email and by phone.   Please (i) identify the names of the individuals holding the job titles in SSL-00056, -112, (ii) confirm the operative dates for the following organization charts: SSL-000105, -295, -297, (iii) divulge the contents of 000295, and (iv) provide the first names of the individuals reflected in SSL-000297.

*Steering Committee*

Since our initial meet and confer on August 25, we have sought the identities of the individuals on the LCCP Steering Committee (SteerCom).  On last Thursday's meet and confer call, we reiterated this request by asking that in addition to the GEC, Sasol produce a list of the members of the SteerCom for the class period.  To date, we have yet to receive this information, which is critical to the selection of custodians.  Please provide us with the names of these individuals immediately.  If we do not receive this information promptly, we will take this issue up with the Court.

*ESI and Depo Protocols*

Based on our call last Thursday, we believe the parties are close to an agreement on the ESI and Depo Protocols.  We would like to have these documents finalized as soon as possible, or otherwise raise any remaining dispute on these documents with the Court immediately to resolve the issues. Please let us know when we can expect your proposed edits.

*Search Terms*

As you know, we sent you proposed search terms on September 4, but we have not yet heard back from you on this. We request that you revert back your comments to these search terms no later than Friday, September 25 and request a follow up meet and confer to discuss any issues on Tuesday, September 29. Please let us know what times on Tuesday that would work best for you.

Regards, Lucas

Lucas Gilmore | **Hagens Berman Sobol Shapiro LLP |** Direct: (510)725-3052

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Friday, September 18, 2020 2:54 PM
**To:** Jerrod C. Patterson <jerrodp@hbsslaw.com>; Lucas Gilmore <LucasG@hbsslaw.com>; jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Cc:** Steve Berman <Steve@hbsslaw.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Jerrod:

We address the items in your email below, and follow-up from yesterday's meet and confer:

- Sasol produced the org charts as they are maintained in the ordinary course, consistent with FRCP 34 and the presumptive ESI Protocol. The issues you noted were not the result of a technical glitch.

- You stated that Plaintiffs will provide the list of CW identities on Monday, designated as

"Attorneys Eyes Only." We look forward to receiving this. Attorneys Eyes Only is not limited to outside counsel, and as such includes the members of the Sasol legal team involved in supervising this litigation, including Mr. Jens Straatman, Mr. Torsten Peters, and Ms. Jennifer Gallagher. Further to Paragraph 8 of the Confidentiality Stipulation and Protective Order, please provide a "written notice stating with particularity" the grounds for your request that the identity of the CWS be designated Attorneys Eyes Only. The written notice should include an explanation as to why the "extraordinary circumstances" required by the Protective Order for an Attorneys Eyes Only designation is necessary. As discussed during our meet and confer, the written notice should also include a specification that "attorneys' eyes only" in this instance includes, at a minimum, Defendants' external and in-house counsel. Defendants will then take this request under advisement. As contemplated by the Protective Order, if "agreement [on the requested designation] cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling." We request that you provide this written notice next week.

- In response to your informal request during yesterday's meet and confer that Sasol produce a list of the members of the Group Executive Committee for the putative five-year class period, below please find a list of GEC members:
    - FY ending June 30, 2015
        - David Constable
        - Stephen Cornell
        - Victoria ("Nolitha") Fakude
        - Fleetwood Grobler
        - Vuyo Kahla
        - Bernard E. Klingenberg
        - Bongani Nqwababa
        - Maurice Radebe
        - Christiaan ("Riaan") Rademan
        - Stephanus ("Stephan") Schoeman
    - FY ending June 30, 2016
        - Stephen Cornell
        - Nolitha Fakude (resigned effective Dec. 31, 2016)
        - Fleetwood Grobler
        - Vuyo Kahla
        - Bernard Klingenberg
        - Bongani Nqwababa
        - Maurice Radebe
        - Riaan Rademan
        - Stephan Schoeman
        - Paul Victor
    - FY ending June 30, 2017
        - Stephen Cornell
        - Fleetwood Grobler
        - Jon Harris (effective Aug. 7, 2017)
        - Vuyo Kahla

- Bernard Klingenberg
  - Charlotte Mokoena
  - Bongani Nqwababa
  - Maurice Radebe
  - Riaan Rademan
  - Stephan Schoeman
  - Paul Victor
- FY ending June 30, 2018
  - Stephen Cornell
  - Fleetwood Grobler
  - Jon Harris
  - Vuyo Kahla
  - Bernard Klingenberg
  - Charlotte Mokoena
  - Bongani Nqwababa
  - Maurice Radebe
  - Stephan Schoeman
  - Paul Victor
- FY ending June 30, 2019
  - Marius Brand
  - Stephen Cornell
  - Fleetwood Grobler
  - Jon Harris
  - Vuyo Kahla
  - Bernard Klingenberg
  - Charlotte Mokoena
  - Bongani Nqwababa
  - Maurice Radebe
  - Paul Victor
- FY ending June 30, 2020
  - Marius Brand
  - Brad Griffith
  - Fleetwood Grobler
  - Jon Harris
  - Vuyo Kahla
  - Bernard Klingenberg
  - Charlotte Mokoena
  - Maurice Radebe
  - Paul Victor

As discussed, we will circulate our edits to the Depo and ESI Protocols.

Have a nice weekend.

Regards,

Nicole

**From:** Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Sent:** Thursday, September 17, 2020 5:26 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; lucasg@hbsslaw.com; Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Cc:** steve@hbsslaw.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Hi Nicole:

Thanks for the call today.  Below is a list of the technical issues with the org charts you recently produced.

- Two of the charts appear to have no names, just job titles.  SSL-00056, -112
- Three of them are undated, with no date in the file name.  SSL-000105, -295, -297.
- One is so small that it's entirely illegible.  -000295.
- One has no first names.  -000297.

Thank you.

-- Jerrod


Jerrod C. Patterson | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9378

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Thursday, September 17, 2020 6:22 AM
**To:** Lucas Gilmore <LucasG@hbsslaw.com>; jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Cc:** Steve Berman <Steve@hbsslaw.com>; Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Lucas:

In advance of today's meet and confer, please identify which of the 103 RFPs are covered by the attached list. There are 103 individual requests and you've listed 6 broad categories.

Regards,
Nicole

**From:** Lucas Gilmore <lucasg@hbsslaw.com>
**Sent:** Tuesday, September 15, 2020 7:59 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; Polkes, Jonathan <Jonathan.Polkes@weil.com>;

Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Cc:** steve@hbsslaw.com; jerrodp@hbsslaw.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- Priority Documents

Counsel, attached please find a letter of today's date regarding the list of priority documents for Defendants to produce.  Regards, Lucas

Lucas Gilmore | **Hagens Berman Sobol Shapiro LLP |** Direct: (510)725-3052

**From:** Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Sent:** Tuesday, September 15, 2020 9:51 AM
**To:** Prunetti, Nicole <nicole.prunetti@weil.com>; Steve Berman <Steve@hbsslaw.com>; Lucas Gilmore <LucasG@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Nicole:

We believe it is premature and inefficient to contact the Court on just one issue when we have not exhausted the meet and confer process.  You've provided no legal basis to demand the identity of the CWs at this stage, and there is no obligation for us to produce this information in our Rule 26 initial disclosures.  As you probably know, courts have held that disclosure of CWs constitutes work product.  *See In re SLM Corp. Sec. Litig.*, 2011 WL 611854, at *1 (S.D.N.Y. Feb. 15, 2011) ("The identities of the sixteen (16) confidential witnesses cited in Plaintiffs' Second Amended Complaint, among the seventy-three (73) former employees already identified in Plaintiffs' 26(a) disclosures, are protected work product. . . . Absent a showing of need and undue hardship, Defendants may not force Plaintiffs to disclose the identities of witnesses interviewed during the investigation leading to the Second Amended Complaint.").  Please provide us with any legal authority you believe mandates we disclose the CWs' identity in response to an informal request so we can complete the meet and confer process on this point and determine whether an impasse exists that requires judicial intervention.

In addition, the Court will certainly prefer that we call him to discuss all of our issues during one call.  We have several issues to discuss on Thursday, and we may need Court intervention after this meet and confer.  It's in all of our interests to work collaboratively to bring the issues to the Court in an efficient fashion, rather than calling him multiple times in one week on every single issue that arises.  If you force a call today, we'll provide our Court with our position on this issue.

Regarding your first bullet below, we'll provide you with a list today of our priority documents.

For Thursday's meet and confer, I'd propose 11:00 a.m. PT/2:00 ET.

Thanks.

-- Jerrod

Jerrod C. Patterson | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9378

---

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Tuesday, September 15, 2020 8:13 AM
**To:** Jerrod C. Patterson <jerrodp@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Lucas Gilmore <LucasG@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Jerrod,

Further to the below, please let us know a time when you are available on Thursday, 9/17 to meet and confer.

- In advance of our meet and confer on Thursday, please provide the list of prioritized RFPs today so that we can prepare accordingly and ensure the meet-and-confer is productive.
- With respect to your refusal to identify the CWs, we will raise this with the Court today. Please let us know your availability to call Chambers this morning.
- We can discuss search terms and custodians during our upcoming meet and confer (we disagree with your characterization below of the Rule 26(a)(1) disclosures).
- With respect to org charts, although Defendants have no obligation under the Federal Rules to respond to Plaintiffs' RFPs before September 30, we have been working to locate responsive org charts in a good-faith effort to expedite the parties' discussions concerning document production.  We are preparing the production consistent with the current ESI protocol and will produce them this week.

Regards,
Nicole

---

**From:** Prunetti, Nicole
**Sent:** Monday, September 14, 2020 9:33 PM
**To:** 'Jerrod C. Patterson' <jerrodp@hbsslaw.com>; steve@hbsslaw.com; lucasg@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Jerrod:

We're available to meet on confer on Thursday, 9/17 to discuss all outstanding issues, including those you note below. Please let us know a time that works for you and we'll circulate an invite.

Regards,

Nicole

**From:** Jerrod C. Patterson <jerrodp@hbsslaw.com>
**Sent:** Monday, September 14, 2020 7:09 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; steve@hbsslaw.com; lucasg@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>;
Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

Hi Nicole:

Our initial disclosures included the names of our CWs, as we promised.  We are not under any
obligation to identify them as such in the initial disclosures, and we are not going to provide this
information in response to informal requests.

Attached are our edits to the deposition protocol and the ESI protocol.  Are you available to meet
and confer this Wednesday or Thursday?

At the meet and confer, I'd like for us to discuss the following additional issues:
  - Plaintiffs' RFPs.  As mentioned, we are not going to unilaterally withdraw any of our RFPs.
    But we do intend to provide you with a list of documents to prioritize in your production.  If
    you have identified specific RFPs that you believe are objectionable, please let us know so
    we can discuss them.
  - Search terms.  Please provide us with any redlines to the search terms, which will assist us
    greatly with any discussions about relevance and burden of our RFPs.
  - Org charts.  Please produce org charts by this Wednesday, or we'll ask the Court for
    intervention.  This request has been pending for weeks, and you have not offered any
    explanation for why their production is delayed.
  - Custodians.  Relatedly, your initial disclosures were plainly deficient.  Among other things,
    Defendants' disclosures do not appear to include the entirety of the Steering Committee,
    the GEC, or the LCCP leadership throughout the Class Period.  Please amend your initial
    disclosures to identify these individuals, who unquestionably have discoverable information,
    by September 18. We also ask for an initial list of custodians by September 18.

Thank you.

-- Jerrod


Jerrod C. Patterson | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9378

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Saturday, September 12, 2020 7:11 AM
**To:** Steve Berman <Steve@hbsslaw.com>; Jerrod C. Patterson <jerrodp@hbsslaw.com>; Lucas

Gilmore <LucasG@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** Moshell v. Sasol, et al. -- Case No. 1:20-cv-01008-JSR -- CW Identities

All:

Hope you're having a nice weekend. In your 9/10 email, you told us you would include the identities of the 6 CWs in your Rule 26(a) disclosures. If the CWs are among your list of disclosed witnesses, please identify/confirm which witness corresponds to which of the CWs. If they are not among your list of disclosed witnesses, please send us the identities of the CWs right away.

Regards,
Nicole



**Nicole E. Prunetti**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicole.prunetti@weil.com
+1 212 310 8683 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.