# EXHIBIT 25

## (Unredacted Version Filed Under Seal)

| | |
|---|---|
| **From:** | Zalka, Caroline |
| **To:** | Lucas Gilmore; Prunetti, Nicole; jerrodp@hbsslaw.com; steve@hbsslaw.com |
| **Cc:** | Polkes, Jonathan; Barrington, Luna |
| **Subject:** | RE: Moshell v. Sasol, et. al. -- Case No. 1:20-cv-01008-JPC -- Case Schedule |
| **Date:** | Monday, October 26, 2020 2:56:31 PM |
| **Attachments:** | image001.jpg |

Counsel:

We write in response to your email below.

First, Defendants have subpoenaed the depositions of CW-1 ████████ and CW-3 ████████ for Oct. 30. We subpoenaed CW-6 ████████ to appear on Oct. 26 and subsequently moved that date to also be October 30. We have raised with counsel for those witnesses the possibility of a modest 1-2 adjournment of the dates for CW-3 and CW-6. You can choose to show up at those depositions or not. These third-party witnesses are subject to outstanding subpoenas for documents and testimony.  Defendants are proceeding with those depositions. Plaintiffs have no standing to object and your effort to do so is wholly improper.

Second, your baseless attempt to delay these depositions for months is in stark violation of the Court's Scheduling Order, which requires that "**all documents and depositions related to Defendants' Opposition to Class Certification, if any, shall be completed by October 30, 2020**." Civil Case Management Plan, dated August 28, 2020 [ECF No. 76]. It is self-evident that Plaintiffs have absolutely no say in—much less can unilaterally dictate—the timing and scope of third party discovery that Defendants believe necessary to oppose Plaintiffs' motion for class certification.  Your specious assertion that Defendants must make some form of "showing" to Plaintiffs as to the relevance of the third party subpoenas before Defendants can proceed with those depositions is unsupported by reference to any federal or local rule, or precedent.

Third, the notion that confidential witness depositions are "premature" is directly refuted by *Plaintiffs'* issuance of subpoenas for the depositions of two other confidential witnesses in two weeks' time  on November 10 and 12.

Finally, Plaintiffs have failed to respond to Defendants' request for the production of communications with the confidential witnesses in advance of filing the SAC--or to provide a privilege log of those communications so that any assertion of privilege can be appropriately evaluated--on or before October 23.

Collectively, all of this presents a host of extremely troubling issues concerning Plaintiffs' attempt to impede Defendants' discovery.  We plan to raise these issues with the Court  in connection with the upcoming status conference.

Best,

Caroline





**Caroline Hickey Zalka**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
caroline.zalka@weil.com
+1 212 310 8527 Direct
+1 212 310 8007 Fax

---

**From:** Lucas Gilmore <lucasg@hbsslaw.com>
**Sent:** Friday, October 23, 2020 5:54 PM
**To:** Prunetti, Nicole <Nicole.Prunetti@weil.com>; jerrodp@hbsslaw.com; steve@hbsslaw.com
**Cc:** Polkes, Jonathan <Jonathan.Polkes@weil.com>; Zalka, Caroline <caroline.zalka@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** RE: Moshell v. Sasol, et. al. -- Case No. 1:20-cv-01008-JPC -- Case Schedule

Counsel,

We are in receipt of your proposed revised class certification schedule.  While initially we considered granting Defendants' request for a modest extension of two weeks to their deadline to file their opposition to our motion for class certification as a professional courtesy, this proposal seeks to extend Defendants' opposition deadline by four weeks.  (It also provides only a one week extension for Plaintiffs' reply, and mandates that any depositions related to defendants' opposition occur during the last two weeks of December).

It is evident that the reason for the requested extension is not due to some unanticipated scheduling conflict, but to force the premature depositions of confidential witnesses on an incomplete record.  Indeed, counsel for ███████████████████████████ has objected to the proposed timing for their depositions on these precise grounds. Moreover, there seems to be no basis at this time for the expedited depositions of ██████████████████████████████, since Defense counsel is now purportedly representing these witnesses.

Defendants' position is further undermined by the fact that you have failed to provide any showing that the testimony of the confidential witnesses is at all relevant to the disposition of Plaintiffs' motion for class certification.

Accordingly, Plaintiffs reject Defendants' proposal.  At this point, we see no good faith reason compelling a change to the Court-ordered class certification schedule set in place, which Judge Cronan has affirmed.  If you choose to seek relief from the Court, we trust that you will accurately

describe Plaintiffs' position with respect to your proposed revised schedule.

Regards, Lucas

Lucas Gilmore | **Hagens Berman Sobol Shapiro LLP |** Direct: (510)725-3052

**From:** Prunetti, Nicole <nicole.prunetti@weil.com>
**Sent:** Friday, October 23, 2020 9:47 AM
**To:** Lucas Gilmore <LucasG@hbsslaw.com>; Jerrod C. Patterson <jerrodp@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>
**Cc:** jonathan.polkes@weil.com; caroline.zalka@weil.com; luna.barrington@weil.com
**Subject:** Moshell v. Sasol, et. al. -- Case No. 1:20-cv-01008-JPC -- Case Schedule

Counsel:

Further to yesterday's meet and confer, Defendants intend to move forward on the below deposition schedule for the depositions of confidential witnesses under subpoena, and propose the schedule below for class certification briefing.

Regards,
Nicole

| Class Certification | |
| --- | --- |
| **Deadline** | **Proposed Revised Date** |
| **Plaintiffs' Motion for Class Certification** | N/A |
| ██████ **(CW-2) Deposition** | November 13, 2020 |
| ██████ **(CW-1) Deposition** | Week of November 16, 2020 |
| ██████ **(CW-3) Deposition** | Week of November 16, 2020 |
| ██████ **(CW-4) Deposition** | Week of November 16, 2020 |
| ██████ **(CW-5) Deposition** | November 23, 2020 |
| ██████ **(CW-6) Deposition** | Week of November 23, 2020 |
| **David Cohn (Lead Plaintiff) Deposition** | Week of November 30, 2020 |
| **Chad L. Moshell ("Additional Plaintiff Representative")** | Week of November 30, 2020 |

| Deposition | |
|---|---|
| Hartzmark (Pl. Expert) Deposition | Week of November 30, 2020 |
| Documents and Depositions related to Defendants' Opposition to Class Cert | December 7, 2020 |
| Defendants' Opposition to Motion for Class Certification | December 11, 2020 |
| All other class certification discovery and depositions completion | January 4, 2021 |
| Plaintiffs' Reply on Class Certification | January 15, 2021 |
| Oral Argument | TBD by Court |



**Nicole E. Prunetti**
Associate

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicole.prunetti@weil.com
+1 212 310 8683 Direct
+1 917 683 8241 Mobile
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.