**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 212 310 8881
jonathan.polkes@weil.com

BY ECF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/4/2020__

October 30, 2020

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Chad Lindsey Moshell v. Sasol Ltd., et al.*, Case 1:20-CV-01008 (JPC) (S.D.N.Y.)

Dear Judge Cronan:

We write on behalf of Defendants Sasol Limited, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman (collectively, "Defendants") in the above-referenced action. Defendants respectfully request leave, under Rule 4(B) of this Court's Individual Rules and Practices in Civil Cases (the "Individual Rules"), to file under seal certain exhibits in connection with Defendants' Motion for Reconsideration of the Court's August 24, 2020 Memorandum Order; Motion for Sanctions; and Motion for Stay of Discovery (the "Motions"). Consistent with Individual Rule 4(C), Defendants are publicly filing redacted copies of these exhibits and filing under seal non-redacted versions of the same, the latter attached as exhibits to the Declaration of Luna N. Barrington in Support of Defendants' Motion to Seal (the "Barrington Declaration").

The exhibits at issue reveal the names and employment information of confidential witnesses referred to in the Second Amended Complaint in this action, and whose testimony is quoted in Defendants' Memorandum of Law in support of the Motions. Plaintiffs, in disclosing the identities of these confidential witnesses to Defendants, designated this information as "Attorney's Eyes Only." *See* Barrington Declaration, Ex. 4 (Letter from L. Gilmore to N. Prunetti dated Sept. 21, 2020). Pursuant to the Court's Protective Order governing this action, all "portions of pleadings, motions or other papers filed with the Court that disclose [material designated by a party as confidential], shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court." [ECF No. 80 at ¶ 7].

While the exhibits are relevant to the Court's resolution of the Motions, they have been submitted with limited redactions that conceal only the names and job descriptions of the CWs, information of little value to the public. And disclosing the redacted information would violate the privacy interests of the CWs, as confirmed by the Plaintiffs' confidentiality designation. Weighing the presumption of access against the CWs' privacy interests, especially in light of the limited nature of Defendants' request, "the balance of the factors tips against permitting public access" to these documents. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d

Hon. John P. Cronan, U.S.D.J.  Weil, Gotshal & Manges LLP
October 30, 2020
Page 2

Cir. 2020) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006)); *see, e.g.*, *In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918, at *4 (S.D.N.Y. May 29, 2015) (approving redaction of "the names and other identifying information of [Confidential Witnesses]").

For these reasons, Defendants respectfully request that they be permitted file the Barrington Declaration and attached exhibits under seal.

Respectfully submitted,

*/s/ Jonathan D. Polkes*

Jonathan D. Polkes

cc: All counsel of record (by ECF)

Defendants' request is GRANTED. For the reasons mentioned in this letter, the Court finds that the Confidential Witnesses' privacy interests outweigh the presumption of public access to the information contained in the limited proposed redactions.

SO ORDERED.

Date: November 2, 2020

New York, New York

JOHN P. CRONAN
United States District Judge