# EXHIBIT 31

## (Unredacted Version Filed Under Seal)

**From:** "Lucas Gilmore" <lucasg@hbsslaw.com>
**To:** "fschirripa@hrsclaw.com" <fschirripa@hrsclaw.com>
**Subject:** Sasol - █████
**Date:** Mon, 9 Nov 2020 19:13:55 +0000
**Importance:** Normal
**Attachments:** 2020-11-09_Declaration_of_███████████pdf; 2020-11-09_Declaration_of_██████████docx

---

**Lucas Gilmore** | Senior Counsel
**Hagens Berman Sobol Shapiro LLP**
715 Hearst Avenue, Suite 202, Berkeley, CA 94710
Direct: (510)725-3052
LucasG@hbsslaw.com | www.hbsslaw.com

Firm News | Cases | Twitter | Facebook

Hagens Berman Logo

Named 2018 Titan of the Plaintiffs' Bar by *Law360* and received the Plaintiffs' Trailblazer Award in 2017 from *The National Law Journal*

HIGHLY CONFIDENTIAL                                                                    PLAINTIFFS004338

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>　　　　　　　　　　Defendants. | Case No. 1:20-cv-01008-JCP<br><br>Hon. John Peter Cronan<br><br>**DECLARATION OF** ▮▮▮▮▮▮▮ |

I, ▮▮▮▮▮▮▮ hereby declare as follows:

1.　　I worked at Sasol's Lake Charles Chemical Plant complex ("LCCP") in Lake Charles, Louisiana, from approximately May 2018 through February 2019.

2.　　On June 4, 2020, I spoke twice by telephone with a private investigator named Lynnley Browning and an attorney named Jerrod C. Patterson. My attorney Steven Hahn also participated on both calls. I was told Mr. Patterson's firm was prosecuting securities fraud claims on behalf of a class of investors against Sasol and certain of its senior executives. I was asked questions about my experience at Sasol to assist Mr. Patterson's firm with its litigation, which I agreed to answer. Before proceeding with the interview, I was told not to disclose any confidential or privileged information I learned during my tenure at Sasol.

3.　　I have had the opportunity to review the statements attributed to me in the Second Amended Complaint. Specifically, I understand that the following statements have been attributed to me:

010886-11/1374046 V1

- 1 -

HIGHLY CONFIDENTIAL

PLAINTIFFS004339

95.  CW-6 worked as a scheduler for one of the main LCCP units in Lake Charles from early summer 2018 to late winter 2019. CW-6 was a contractor through Sasol's contracting agreement with TRS Staffing Solutions, and was based at LCCP's site in Lake Charles. CW-6 said that, from the time CW-6 arrived, "we were significantly behind schedule" on construction and commissioning in CW-6's group.

96.  As a result, CW-6 stated that management directed CW-6 or CW-6's colleagues to change anticipated completion dates for projects to make it appear on paper that the project would be completed on time by compressing the remaining schedule to meet the beneficial operating date. For example, for a given construction issue, "they would say, change it to two days from 7-8, and we were saying, you can't do that. We would present something, they'd say that doesn't work, go back and make it hit the dates." CW-6 stated it was a "continuous revision" and described his duties as "pencil whipping." CW-6 stated that this practice occurred over a large number of projects, such that the probability of completing the projects according to the schedule was extremely small.

97.  CW-6 said senior Sasol executives, including Defendant Schoeman and Mike Kane, decided to decouple LCCP's construction schedules from its commissioning, or startup, schedules, to show that more work had been completed on LCCP than actually had been. The altered construction schedules "showed we were further along than what was happening." CW-6 stated that "this was schedule manipulation." CW-6 described Schoeman as very detail-oriented.

98.  CW-6 said he/she quit in part because the requests and practice were "highly unusual" and "not normal industry standard practice."

4.    These allegations accurately reflect the substance of my statements made during the above-referenced interviews.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in ███████████ on November 9, 2020.

███████████

- 2 -

010886-11/1374046 V1

HIGHLY CONFIDENTIAL                                                                 PLAINTIFFS004340

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>Defendants. | Case No. 1:20-cv-01008-JCP<br><br>Hon. John Peter Cronan<br><br>**DECLARATION OF** ████████ |

I, ██████████ , hereby declare as follows:

1.      I worked at Sasol's Lake Charles Chemical Plant complex ("LCCP") in Lake Charles, Louisiana, from approximately May 2018 through February 2019.

2.      On June 4, 2020, I spoke twice by telephone with a private investigator named Lynnley Browning and an attorney named Jerrod C. Patterson. My attorney Steven Hahn also participated on both calls. I was told Mr. Patterson's firm was prosecuting securities fraud claims on behalf of a class of investors against Sasol and certain of its senior executives.  I was asked questions about my experience at Sasol to assist Mr. Patterson's firm with its litigation, which I agreed to answer. Before proceeding with the interview, I was told not to disclose any confidential or privileged information I learned during my tenure at Sasol.

3.      I have had the opportunity to review the statements attributed to me in the Second Amended Complaint.  Specifically, I understand that the following statements have been attributed to me:

- 1 -

010886-11/1374046 V1

HIGHLY CONFIDENTIAL                                                                                    PLAINTIFFS004341

95.  CW-6 worked as a scheduler for one of the main LCCP units in Lake Charles from early summer 2018 to late winter 2019. CW-6 was a contractor through Sasol's contracting agreement with TRS Staffing Solutions, and was based at LCCP's site in Lake Charles. CW-6 said that, from the time CW-6 arrived, "we were significantly behind schedule" on construction and commissioning in CW-6's group.

96.  As a result, CW-6 stated that management directed CW-6 or CW-6's colleagues to change anticipated completion dates for projects to make it appear on paper that the project would be completed on time by compressing the remaining schedule to meet the beneficial operating date. For example, for a given construction issue, "they would say, change it to two days from 7-8, and we were saying, you can't do that. We would present something, they'd say that doesn't work, go back and make it hit the dates." CW-6 stated it was a "continuous revision" and described his duties as "pencil whipping." CW-6 stated that this practice occurred over a large number of projects, such that the probability of completing the projects according to the schedule was extremely small.

97.  CW-6 said senior Sasol executives, including Defendant Schoeman and Mike Kane, decided to decouple LCCP's construction schedules from its commissioning, or startup, schedules, to show that more work had been completed on LCCP than actually had been. The altered construction schedules "showed we were further along than what was happening." CW-6 stated that "this was schedule manipulation." CW-6 described Schoeman as very detail-oriented.

98.  CW-6 said he/she quit in part because the requests and practice were "highly unusual" and "not normal industry standard practice."

4.    These allegations accurately reflect the substance of my statements made during the above-referenced interviews.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in ███████████, on November 9, 2020.

████████████████████

- 2 -

010886-11/1374046 V1

HIGHLY CONFIDENTIAL                                                                PLAINTIFFS004342