

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

<u>Via ECF</u>

December 18, 2020

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

     Re: *Moshell v. Sasol Limited et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.)

Dear Judge Cronan:

     Pursuant to Rule 4(C) of this Court's Individual Rules, we write on behalf of Plaintiffs to explain the need to seal and fully redact Exhibit Nos. 7–15 and 17–29 (the "Privileged & Confidential Documents") to the Declaration of Luna Barrington in Support of Defendants' Motion to Seal (ECF No. 115), which were filed provisionally under seal and fully redacted in connection with Defendant's Supplemental Memorandum of Law and Report of Investigation. ECF No. 113.

     As explained herein and in the accompanying Declaration of Jerrod Patterson, "compelling reasons" exist for the Privileged & Confidential Documents to remain under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (recognizing trial court's ability to seal "privileged material").[1]  The Privileged & Confidential Documents consist of:

- Witness interview notes drafted by Hagens Berman's private investigator reflecting counsel's prepared questions and the mental impressions of the private investigator;[2]

- Formal memoranda prepared by the private investigator summarizing the interview and containing mental impressions, advice, and strategy;[3] and

---

[1] While Plaintiffs' current letter pertains to the Privileged Documents filed under seal, Plaintiffs do not oppose Defendants' request to redact the names and job descriptions of the Confidential Witnesses on the remaining exhibits for the reasons articulated in Defendants' December 15, 2020 letter motion. *Id.*

[2] *See* Exhibit Nos. 7, 14, 18–19, 23–24, 26.

[3] *See* Exhibit Nos. 8, 20, 22, 25, 28–29.

- Internal correspondence between or among Hagens Berman attorneys and their private investigators reflecting their opinions, mental impression, and conclusions regarding the witness interviews and the investigation.[4]

Consequently, each of the Privileged & Confidential Documents is protected by the attorney work product doctrine. Patterson Decl. ¶¶ 4–6; *See Schaeffler v. United States*, 806 F.3d 34, 44 (2d Cir. 2015) (written material prepared by or for an attorney in preparation for litigation protected by the attorney work product doctrine). If disclosed, this information would provide competitors and adversaries with confidential information about firm's strategies, internal deliberations, and other sensitive information.

Moreover, the Privileged & Confidential Documents reflect confidential, proprietary information held by Hagens Berman and On Point as it reflects the internal processes and methods the firms have created and utilize in carrying out securities fraud investigations.

For these reasons, courts in this District have routinely kept under seal similar privileged and confidential documents. *See, e.g.*, *City of Pontiac General Employee's Retirement System v. Lockheed Martin Corporation, et al.*, 1:11-cv-5026, ECF No. 87 (S.D.N.Y.) (permitting *in camera* review of confidential witness related materials).

On November 10, 2020, this Court ordered the production of all documents pertaining to: "what did the CWs tell the plaintiffs regarding [what] was later represented in the complaint. How did those communications occur; how were they memorialized; how were they represented in the complaint; were the CWs shown a copy of the complaint and . . . how their statements would be characterized, regardless of whether that's required or not." Tr. 37:4–12 (Nov. 10, 2020). In compliance with this Order, Plaintiffs promptly produced to defense counsel all responsive documents, including the Protected Documents that were initially designated as attorney work product. Patterson Decl. ¶ 7. These documents were produced with a "Confidential" designation. *Id.*

On December 10, 2020, pursuant to Rule 4(C)(i) of this Court's Individual Rules, counsel for Defendants identified to Plaintiffs' counsel certain Protected Documents that Defendants anticipated filing publicly as part of Defendants' Supplemental Memorandum in Support of Defendants' Motions for Reconsiderations and Sanctions (ECF No. 115). Patterson Decl. ¶ 8. Counsel for the parties then met and conferred to reduce the number of documents designated Confidential. *Id.* While Plaintiffs' counsel de-designated some documents, a majority of documents that Defendants sought to include as part of their Supplemental Memorandum consisted of the attorney work product and confidential materials described above. The parties ultimately agreed that Defendants would seek to provisionally file the Protected Documents under seal, pursuant to Rule 4(B) of this Court's Individual Rules, and that Plaintiffs' counsel would file a letter within three days supporting this request. *Id.*

The Privileged & Confidential Documents meet the standards for sealing as articulated in *Lugosch*, 435 F.3d at 124 ("continued sealing of the documents may be justified only with

---

[4] *See* Exhibit Nos. 9–13, 15, 17, 20–21, and 27.

- 2 -

specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim"). Sealing of these records is necessary to preserve the higher value of protecting against the unfettered dissemination of otherwise privileged materials. *See U.S. v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries").

Like the documents in *Lugosch*, Plaintiffs seek to keep privileged documents under seal. And while *Lugosch* related specifically to the attorney-client communications privilege as a "compelling reason"[5] to keep documents under seal, courts in this district have also permitted the sealing of attorney work product reflecting mental impressions and legal strategies for the same reasons. *See Bretillot v. Burrow*, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015), *report and recommendation adopted*, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015) ("the grant of [an application to seal material reflecting attorney work product] would have been uncontroversial under the cases mentioned above, and plaintiff's desire to keep these documents sealed is similarly unremarkable").

Plaintiffs have also carefully reviewed the Privileged & Confidential Documents at least twice to reduce to the extent possible the number of documents under provisional seal. In so doing, Plaintiffs assert that the Privileged & Confidential Documents consist almost exclusively of attorney work product and propriety information. Patterson Decl. ¶ 9. As such, Plaintiffs' request is narrowly tailored to balance the need to limit the dissemination of an attorney's mental impressions and proprietary legal strategies, with the public's right to access judicial documents. *See Bretillot*, 2015 WL 5306224, at *25 (sealing work product and attorney-client communications while acknowledging that "not every word, or even every paragraph or section, of these documents references privileged material"). Nor have Plaintiffs waived work product protection of the Protected Documents—as like in *Lugosch*,[6]—here it is the opposing party [i.e., Defendants] who put the Privileged & Confidential Documents at issue through their Motions, and the Court subsequently ordered their production. *See* ECF Nos. 114–115.

Finally, to preserve judicial resources related to future filings, Plaintiffs request that this Court order that documents designated as attorney work product by any party in good-faith be heretofore designated Confidential pursuant to Section 2(e) of Confidentiality Stipulation and Protective Order ("Protective Order"), ECF No. 79.

---

[5] *Id.* at 125.

[6] *Id.* at 125.

010886-11/1418428 V1

|  | Respectfully submitted, |
|---|---|
|  | */s/ Steve W. Berman* |
|  | Steve W. Berman |
| Cc: All counsel of record (via ECF) | *Attorney for Lead Plaintiff David Cohn and Additional Representative Plaintiff Chad L. Moshell* |
| Attachment | |

Defendants' request is GRANTED as to the exhibits and transcripts revealing the Confidential Witnesses' identities, Exh. Nos. 1-6, 30-33. For reasons mentioned in Defendants' letter, Dkt. 113, the Court finds that the Confidential Witness' privacy interests outweigh the presumption of public access to the information contained in the limited proposed redactions.

Plaintiff's request is GRANTED as to the exhibits which reflect the mental impressions, strategy, and opinions of Plaintiff's counsel and private investigator. Exh. Nos. 7-15, 17-29. For reasons mentioned in this letter, the Court finds that Plaintiff's interests in limiting the dissemination of confidential material outweigh the presumption of public access to the information contained in the proposed sealed documents.

Plaintiff has not requested leave to seal Exh. No. 16, which has been provisionally filed under seal by Defendants. Plaintiff is directed to file a letter by January 13, 2021 explaining whether he seeks to seal that document under the same grounds as Exh. Nos. 7-15, 17-29. Defendants also may make a submission as to their views on the sealing of Exh. No. 16 by January 13, 2021, but are not required to do so.

Further, the Court ORDERS that, by January 11, 2021, Defendants may respond to Plaintiff's request that any documents designated in good faith as attorney work product be designated as Confidential pursuant to 2(e) of the Confidentiality Stipulation and Protective Order, Dkt. 80.

The Clerk of Court is respectfully directed to close the motion pending on Dkt. 113.

SO ORDERED.

Date: January 4, 2021

New York, New York

JOHN P. CRONAN
United States District Judge

010886-11/1418428 V1