UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>Defendants. | Case No. 1:20-cv-01008-JPC<br><br>**DECLARATION OF LUCAS E. GILMORE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 24, 2020 MEMORANDUM ORDER; MOTION FOR SANCTIONS; AND MOTION FOR STAY OF DISCOVERY** |

I, Lucas E. Gilmore, declare as follows:

1.      I am an attorney with the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), which represents the Court-appointed Lead Plaintiff David Cohn and additional representative plaintiff Chad L. Moshell in this action, and which the Court appointed as Lead Counsel by Order dated May 4, 2020. ECF No. 52. I am licensed to practice law in California and I am admitted *pro hac vice* in this action. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Reconsideration of the Court's August 24, 2020 Memorandum Order; Motion for Sanctions; and Motion for Stay of Discovery. I have personal knowledge of the facts set forth herein and, if called to testify, could and would testify competently thereto.

2.      True and correct copies of the following documents cited in the accompanying Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of the Court's August 24, 2020 Memorandum Order: Motion for Sanctions; and Motion for Stay of Discovery are attached as Exhibits 1 through 47:

- 1 -

| Exhibit | Description |
|---------|-------------|
| 1. | Declaration of Lynnley Browning |
| 2. | Expert Report of Professor Michael Kaufman |
| 3. | Declaration of ███████ (PLAINTIFFS004146) |
| 4. | Declaration of ███████ (PLAINTIFFS004150) |
| 5. | Declaration of ███████ (PLAINTIFFS004140) |
| 6. | Declaration of ███████ |
| 7. | Relevant Excerpts of the On Point Investigations website (last visited Jan. 15, 2021) |
| 8. | Telephonic Records of Lynnley Browning |
| 9. | Ms. Browning's Notes of Interview with ███████ on May 28 & 29, 2020 |
| 10. | Ms. Browning's Memorandum of Interview of ███████ on May 28, 2020 |
| 11. | Ms. Browning's Memorandum of Interview of ███████ on May 29, 2020 |
| 12. | Ms. Browning's Notes of Interview with ███████ on June 2, 2020 |
| 13. | Ms. Browning's Memorandum of Interview of ███████ on June 2, 2020 |
| 14. | Mr. Patterson's Notes of Interview with ███████ on June 2, 2020 |
| 15. | Ms. Browning's Memorandum of Interview of ███████ on September 11, 2020 |
| 16. | Ms. Browning's Memorandum of Interview of ███████ on January 15, 2021. |
| 17. | Ms. Browning's Notes of Interview with ███████ on May 5, 2020 |
| 18. | Ms. Browning's Memorandum of Interview of ███████ on May 5, 2020 |
| 19. | Ms. Browning's Notes of Interview with ███████ on May 4 & 12, 2020 |
| 20. | Ms. Browning's Memorandum of Interview of ███████ on May 4 & 12, 2020 |
| 21. | Ms. Browning's Memorandum of Interview of ███████ on May 13, 2020 |
| 22. | Ms. Browning's Notes of Interview with ███████ on June 1, 2020 |
| 23. | Ms. Browning's Memorandum of Interview of ███████ on June 1, 2020 |

010886-11/1426458 V1

| Exhibit | Description |
|---------|-------------|
| 24. | Ms. Browning's Notes of Interview with ███████████ on May 6, 2020, and October 13, 2020 |
| 25. | Ms. Browning's Memorandum of Interview of ██████████ on May 6, 2020 |
| 26. | Text exchange between Ms. Browning and ████████ on May 14, 2020 |
| 27. | Ms. Browning's Memorandum of Interview of ██████████ on October 13 & 14, 2020 |
| 28. | Ms. Browning's Notes of Interview with ████████ on May 5 & 18, 2020 |
| 29. | Ms. Browning's Memorandum of Interview of ████████ on May 5 & 18, 2020 |
| 30. | Ms. Browning's Notes of Interview with ███████ on June 1, 2020 |
| 31. | Ms. Browning's Memorandum of Interview of ███████ on June 1, 2020 |
| 32. | Text Message Sent by Ms. Browning to ███████ on September 10, 2020 |
| 33. | Ms. Browning's Notes of Interview with ████████ on June 3 and June 4, 2020 |
| 34. | Ms. Browning's Notes of Interview with ████████ on June 4, 2020 |
| 35. | Ms. Browning's Memorandum of Interview of ████████ on June 4, 2020 |
| 36. | "Substantive Allegations" Section of the Second Amended Complaint filed in this case, ECF No. 81 |
| 37. | Comparison Chart of the SAC's Allegations, the Investigator's Memoranda and Notes, and the Statements of the CWs |
| 38. | Chart Summarizing Misleading Statements by the Recanting CWs and Misleading Statements by Counsel Regarding the Record |
| 39. | FY Individual Performance Rating for Stephan Schoemann (SSL-00003986) |
| 40. | Strategic Project Solutions, Inc.'s "Technical Proposal – Integrated Management System, Lake Charles Chemicals Plant (LCCP) Project," dated March 12, 2018 (SSL-00008657) |
| 41. | Email from Anton Heyneke, dated December 2, 2018 (SSL-00006040) |
| 42. | Email from Bongani Nqwababa, dated January 18, 2018 (SSL-00003678) |

010886-11/1426458 V1

| Exhibit | Description |
| --- | --- |
| 43. | The Sasol Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
| 44. | Defendants' Investigator's Notes of Interview with ▮▮▮▮▮▮▮▮ |
| 45. | October 12, 2020 Email Chain Between Weil Gotschall and ▮▮▮▮▮▮▮ |
| 46. | Defendants' Investigator's Notes of Interview with ▮▮▮▮▮▮ |
| 47. | Email from Stephen Cornell dated May 14, 2019 (SSL-00000599) |

3.      Defendants have offered extrinsic evidence to support their motions and dismissal of this action. To the extent the Court considers this evidence and the evidence Plaintiffs offer does not already raise genuine, triable issues of material fact sufficient to defeat Defendants' motions, Plaintiffs request additional discovery about the arguments, and the allegations of fact upon which such arguments are premised, that Defendants have advanced in connection with offering this extrinsic evidence, regarding the following issues:

- Sasol's Forecasted and Actual Costs and Schedule for the LCCP;

- Forecasted and Actual Costs and Schedule for the LCCP as communicated to Sasol from Fluor and Technip, including Change Orders and Cost Reports;

- Communications between Sasol and Fluor/Technip concerning all Change Orders and Cost Reports;

- Enterprise and project risk management at LCCP, including LCCP cost budgets and forecasts utilized by this department;

- Project management and execution at LCCP including recording and reporting of costs at each of the LCCP's units;

- Sasol's Accounting Associated with the LCCP;

- Sasol's Inaccuracies or Misreporting of the Costs Associated with the LCCP; and

010886-11/1426458 V1

- 5 -

- Reviews commissioned by Sasol's Senior Management and Board of Directors associated with the disclosed costs and schedule for the LCCP.

The requested evidence will further assist Plaintiffs to establish triable issues of fact with respect to the matters raised in Defendants' motions.

4.   As detailed below, Plaintiffs request the following discovery:

- The custodial files of the Confidential Witnesses cited in the Complaint;

- Documents relied on by Liester Niemand in his declaration;

- Documents concerning Sasol's forecasted and actual costs and schedule for the LCCP;

- Documents concerning forecasted and actual costs and schedule for the LCCP as communicated to Sasol from Fluor and Technip, including Change Orders and Cost Reports;

- Documents reflecting communications between Sasol and Fluor/Technip concerning all Change Orders and Cost Reports;

- Documents concerning the enterprise and project risk management at LCCP, including LCCP cost budgets and forecasts utilized by this department;

- Documents concerning project management and execution at LCCP, including recording and reporting of costs at each of the LCCP's units;

- Documents concerning Sasol's accounting associated with the LCCP;

- Documents concerning Sasol's inaccuracies or misreporting of the costs associated with the LCCP;

010886-11/1426458 V1

- Documents concerning Reviews commissioned by Sasol's Senior Management and its Board of Directors associated with the disclosed costs and schedule for the LCCP; and

- Depositions of Sasol and its representatives, including Mr. Niemand, to authenticate and explain the documents produced and inquire about the discovery topics outlined above.

5.    Plaintiffs have not had the opportunity to conduct discovery into these issues. Although Plaintiffs received initial productions of documents from Defendants, discovery was stayed subsequent to Defendants filing their motions. Plaintiffs also have not had an opportunity to take a deposition of Sasol or its representatives in this matter.

6.    Based on the information obtained by Plaintiffs, there are reasonable grounds to believe that the further discovery requested herein will assist Plaintiffs in creating genuine, triable issues of fact. The information in Plaintiffs' possession indicate that: (1) Sasol repeatedly announced massive cost and schedule overruns at the LCCP, contradicting its public statements that it was "on track" with its published budget and schedules; and (2) the cause of these false LCCP cost and schedule forecasts was the "inappropriate," "not transparent" conduct of Sasol's most senior management. This information suggests that discovery from Sasol on the above-referenced topics, and depositions of Sasol and its representatives on these issues, will help Plaintiffs prove the veracity of the allegations in their Second Amended Complaint, including those pertaining to the Confidential Witness allegations, as well as raise genuine, triable issues of material fact on their liability theory, including as to Defendants' scienter.

010886-11/1426458 V1

- 7 -

7.    Accordingly, each of the discovery requests for production of documents and depositions are targeted, relevant, and necessary for clarifying facts adduced to date, and thus likely to assist Plaintiffs in raising genuine issues of material fact on Plaintiffs' theory of liability.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

Dated: January 19, 2021
    San Diego, CA                            By */s/ Lucas E. Gilmore*
                                                LUCAS E. GILMORE

010886-11/1426458 V1