```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CHAD LINDSEY MOSHELL, individually and on                              :
behalf of all others similarly situated,                               :
                                                                       :
                                        Plaintiffs,                    :    20 Civ. 1008 (JPC)
                                                                       :
                -v-                                                    :    ORDER
                                                                       :
SASOL LIMITED et al.,                                                  :
                                                                       :
                                        Defendants.                    :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On January 19, 2021, the parties sought leave to redact or file under seal numerous exhibits attached to filings in connection with Defendants' pending motion for reconsideration. Dkt. 126. On February 1, 2021, the Court issued an order requesting additional information concerning the grounds for redacting or sealing several of those exhibits. Dkt. 126. After reviewing the parties' submissions in response to that Order, Dkts. 139, 140, the Court grants in parts and denies in part the parties' request.

The Court approves the limited redactions in Exhibits 3-6, 8, 26, 36, and 45. The Court finds that the privacy interests of third parties outweigh the presumption of public access to the information contained in the limited redactions.[1] Plaintiffs are directed to refile Exhibits 8 and 45 publicly on ECF in redacted form as proposed in their February 9, 2021 letter. Dkt. 139. Specifically, Exhibit 8 must be publicly filed with redactions to the account number information, the account holder's contact information, and the outgoing phone call information. Exhibit 45 must be publicly filed with redactions to CW-5's name and any communications that may reveal CW-

---

[1] The Court has previously granted a request to seal Exhibit 26 under the same justification. *See* Dkt. 125.

5's identity.

With respect to Exhibits 1, 9-25, 27-35, 37, 38, 44, and 46, the Court finds that Plaintiffs' interests in maintaining the confidentiality of their attorney work product and the strategy of Plaintiffs' counsel and their private investigator outweigh the presumption of public access to the information contained in the proposed redactions and sealing requests.[2]  For Exhibits, 9-25, 27-35, 37, 38, 44, and 46, the Court approves the proposed redactions and sealing requests.  With respect to Exhibit 1, however, Plaintiffs are directed to refile that exhibit publicly with the caption and first twelve paragraphs unredacted.

It appears that Plaintiffs have withdrawn their requests to seal Exhibits 2 and 43.  Dkt. 139.  To the extent any requests to seal these Exhibits remain, the requests are denied, and both Exhibits 2 and 43 must be publicly refiled in their entirety.

As to Exhibits 39, 40, 41, 42, and 47, Defendants argue that the presumption of public access does not apply to these exhibits because they are not "judicial documents," as they "are factually and legally irrelevant to the limited issue before the Court," and therefore the common law and First Amendment right of public access does not apply.  Dkt. 140; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119 (2d Cir. 2006) (holding that the presumption of public access applies only to judicial documents, which are "item[s] . . . relevant to the performance of the judicial function and useful in the judicial process." (quoting *United States v. Amadeo*, 44 F.3d 141, 145 (2d Cir. 1995)); Dkt. 140 at 2 ("Plaintiffs' submissions of extrinsic evidence in the form of five new exhibits—are factually and legally irrelevant to the limited issue before the Court.").  The Court will permit Defendants to file these exhibits provisionally under seal, and will issue a final decision on whether to maintain these exhibits under seal after disposition of Defendants' motion for

---

[2] The sealing of Exhibit 32, as with Exhibit 26, is also justified on the basis of CW-5's privacy interests.

reconsideration. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 13 Civ. 6073 (PKC) (S.D.N.Y.), Dkt. 30 (provisionally accepting redactions but "reserv[ing] the right to reassess those redactions when [the court] has a better understanding of the relationship, if any, of the redacted materials to the parties' motions."); *Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14 Civ. 585 (AJN), 2014 WL 7238354, at *4 (S.D.N.Y. Dec. 19, 2014) (provisionally granting redaction requests while reserving the right to "revisit [the court's] decision . . . following the resolution of the present dispute or upon request.").

All Exhibits that the Court has ordered Plaintiffs to refile must be filed on ECF no later than a week from the date of this Order.

The Clerk of Court is respectfully directed to close the motion pending on Docket Number 126.

SO ORDERED.

Dated: February 16, 2021
New York, New York

                                               JOHN P. CRONAN
                                        United States District Judge