# EXHIBIT 43

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Case No. 1:20-cv-01008-JSR |
| vs. | : : | Hon. Jed. S. Rakoff |
| SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, | : : : : : | |
| Defendants. | : : : : | |

**THE SASOL DEFENDANTS' INITIAL**
**DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendants Sasol Limited ("Sasol"), Messrs. Constable, Nqwababa, Cornell, Victor, and Schoeman (collectively, the "Individual Defendants," and together with Sasol, the "Sasol Defendants"), by and through their undersigned counsel, hereby serve these initial disclosures (the "Initial Disclosure Statement") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Case Management Plan and Scheduling Order entered by the Court on August 28, 2020.

## INITIAL DISCLOSURE QUALIFICATIONS

1.    This Initial Disclosure Statement is based upon information known and reasonably available to the Sasol Defendants as of the date hereof and is provided without prejudice to the reliance on, or the disclosure, identification, or production of, during the course of discovery or at any other time, additional information or documents inadvertently omitted herein or that may subsequently be discovered or determined to be relevant.  Accordingly, the Sasol Defendants reserve their right to further revise, amend, and/or supplement this Initial Disclosure Statement at any time.  This Initial Disclosure Statement is without prejudice to the Sasol Defendants' future reliance on—or disclosure, identification or production at any time—of additional or different facts, persons, information or documents, including facts, information and documents that may subsequently be determined to have been inadvertently omitted from this Initial Disclosure Statement or may subsequently be discovered or determined to be relevant.

2.    By identifying information and documents in this Initial Disclosure Statement, the Sasol Defendants do not waive their right to object to the disclosure of such, or any other, information or documents protected, in full or part, by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable rule, statute, doctrine, privilege, immunity, or protection from discovery (whether based upon statute or otherwise). In addition, the Sasol Defendants neither waive nor intend to waive, but expressly preserve and reserve the right to object to discovery or other inquiry involving or relating to the subject matter of any information or document identified herein.

3.    The parties have agreed to meet-and-confer concerning appropriate search parameters and protocols in response to the parties' respective requests for production of documents. By identifying persons, information and documents in this Initial Disclosure Statement, the Sasol Defendants do not admit or imply that all identified information shall be

2

included in the search parameters and protocols for any and each of Plaintiff's 103 separate requests for production.  The Sasol Defendants expressly reserve the right to object to Plaintiff's discovery requests based on undue burden, relevance, proportionality, and all other grounds permitted under Federal Rule 26(b).

4.      Any persons, information, or documents described or referenced by the Sasol Defendants herein are described or referenced without waiving any applicable objections to admissibility, including, without limitation, objections based on competence, relevance, and materiality, as well as to any and all other objections on any ground that would require the exclusion of such document or information or any portion thereof if such document or information was offered into evidence, all of which objections and grounds are expressly reserved, not waived, and which may be interposed at the time of any deposition or at or before any hearing or trial in this action or any other action or proceeding.  By identifying persons, information, or documents in this Initial Disclosure Statement, the Sasol Defendants do not waive any such objections.

5.      No incidental or implied admissions are intended by this Initial Disclosure Statement.  For example, the fact that the Sasol Defendants describe a document or category of documents in this Initial Disclosure Statement is not intended to be, and should not be construed as, an admission that the Sasol Defendants accept or admit the existence of any facts set forth in or assumed by such documents or that any such documents constitute admissible evidence. Moreover, the fact that the Sasol Defendants describe a document or category of documents in this Initial Disclosure Statement is not intended to be, and should not be construed as, a waiver by the Sasol Defendants of any objection, right, or defense.

6.      The Sasol Defendants expressly do not authorize David Cohn ("Lead Plaintiff"), his agents or representatives, or any other party, to communicate with current or former employees or consultants of Sasol or any of its subsidiaries or affiliates, and nothing herein should be construed to authorize Plaintiff, his agents or representatives, or any other party, to contact any individuals where such contact would violate applicable law, abridge any rule or cannon of professional conduct, induce the breach of any contract, or infringe upon any confidentiality agreement.

7.      The uniform definitions and rules of construction set forth in Paragraphs (c) and (d) of Civil Rule 26.3 of the Local Rules for the U.S. District Court for the Southern District of New York are incorporated by reference as if fully set forth herein.

## INITIAL DISCLOSURES

**i.      "[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules, and subject to and without waiving the foregoing Initial Disclosure Qualifications, the Sasol Defendants currently believe that the individuals identified below are likely to have discoverable information that the Sasol Defendants may use to support their defenses in this action.  The inclusion or absence of a name in this response is not, and should not be interpreted as, a representation by the Sasol Defendants as to the extent of an individual's actual, relevant knowledge, if any, as to the listed topics, or that the listed individual actually has knowledge of such topics.  Rather, the listed individuals may have knowledge on these topics.  Further, the inclusion or absence of a name in this response is not, and should not be interpreted as, a representation by the Sasol Defendants

4

regarding whether an individual will be an appropriate (i) custodian for document discovery, (ii) deponent, or (iii) witness at trial.

| Name | Last Known Address and Telephone Number | Subject(s) |
|---|---|---|
| Colin Beggs, member of Sasol's Board of Directors and Chairman of the Board of Directors Audit Committee | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's 2019 Board-commissioned LCCP review. |
| Joseph Boom, Sasol's former Director of Capital Procurement, U.S. Mega Projects | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost and schedule estimates; and Sasol's relationship with FTI. |
| David Constable, Sasol's former Chief Executive Officer and President | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost estimates; and any statements, actions, or knowledge attributed to him in the AC. |
| Stephen Cornell, Sasol's former joint Chief Executive Officer and President | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost estimates; and any statements, actions, or knowledge attributed to him in the AC. |
| George Couvaras, Sasol's former Senior Vice President, U.S. Mega Projects | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost and schedule estimates. |
| Kobus Duvenhage, Sasol's former Senior Vice President, LCCP Construction and Engineering | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost and schedule estimates. |
| Mandla Gantsho, former Chairman of Sasol's Board of Directors | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's 2019 Board-commissioned LCCP review. |

| Name | Last Known Address and Telephone Number | Subject(s) |
|---|---|---|
| Anton Heyneke, Sasol's former Senior Vice President, LCCP Procurement and Commercial | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost and schedule estimates. |
| Bongani Nqwababa, Sasol's former joint Chief Executive Officer and President | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost estimates; and any statements, actions, or knowledge attributed to him in the AC. |
| Patrick Quinlan, Sasol's former Business Manager, LCCP | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost estimates; and Sasol's relationship with FTI. |
| Stephan Schoeman, Sasol's former Executive Vice President, LCCP and former member of the Group Executive Committee | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost and schedule estimates; and any statements, actions, or knowledge attributed to him in the AC. |
| Paul Victor, Sasol's Chief Financial Officer and member of Sasol's Board of Directors | c/o Jonathan Polkes, Esq. Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (212) 310-8000 | Sasol's LCCP cost estimates; Sasol's 2019 Board-commissioned LCCP review; and any statements, actions, or knowledge attributed to him in the AC. |

The Sasol Defendants reserve their right to revise, amend, and/or supplement this response as the action proceeds. In addition, members of the following Sasol boards, committees, and groups may also have discoverable information that the Sasol Defendants may use to support their defenses, other than solely for the purposes of impeachment: Sasol Board of Directors, Sasol Board of Directors Audit Committee, Sasol Board of Directors Capital Investment Committee, Sasol Group Executive Committee, Sasol Disclosure Working Group, and Sasol Assurance Services. In addition, the following third parties may also have discoverable information that the Sasol Defendants may use to support their defenses, other than

6

solely for the purposes of impeachment: Ernst & Young, Fluor Enterprises, Inc., KPMG, Technip USA, Inc., TRS Staffing Solutions, Turner & Townsend, and WorleyParsons Ltd.  In addition, individuals identified in the initial disclosures of Plaintiff, but not identified herein— including, but not limited to Plaintiff's "Confidential Witnesses"—may also have discoverable information that the Sasol Defendants may use to support their defenses, other than solely for purposes of impeachment.

ii. **"[A] copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal  Rules, and subject to and without waiving the foregoing Initial Disclosure Qualifications, the Sasol Defendants may use documents, electronically stored information, and tangible things in the following categories that are in its possession, custody, or control to support their defenses in this action:

- Documents relating to Sasol's cost estimates for the LCCP;

- Documents relating to Sasol's schedule estimates for the LCCP;

- Documents relating to Sasol's 2019 Board-commissioned LCCP review;

- Documents relating to the January 2020 LDPE explosion;

- Sasol's public filings, including, but not limited to, Sasol's Form 6-Ks and Form 20-Fs filed with the SEC;

- Sasol's corporate records including, but not limited to, board minutes, resolutions, packages, and presentation materials;

- Materials prepared in connection with Sasol's investor presentations and analyst conference calls;

- Transcripts of Sasol analyst conference calls; and

- Publicly available media articles or reports, including analyst reports, concerning Sasol.

7

The foregoing categories of documents are either (i) publicly available, (ii) located in the custodial files of the individuals identified in this Initial Disclosure Statement, (iii) on Sasol's and/or its subsidiaries' or affiliates' electronic systems, applications, or shared files, and/or (iv) in the possession, custody, or control of third parties.

Additionally, the Sasol Defendants may use documents, electronically stored information, and tangible things already in Plaintiff's possession, custody, or control, including, without limitation, documents referenced in the Amended Complaint, and publicly available documents, to support their defenses. The Sasol Defendants may also, in the future, retain experts and use those experts' reports to support their defenses. The Sasol Defendants reserve their right to revise, amend, and/or supplement this response as this action proceeds.

iii.    **"[A] computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."**

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules, and subject to and without waiving the foregoing Initial Disclosure Qualifications, the Sasol Defendants state that, to date, they have not claimed any damages in this action. The Sasol Defendants, however, reserve their right to assert counter-claims, cross-claims, and/or seek damages, as permitted by the Federal Rules, as the facts of this action develop and the action proceeds. The Sasol Defendants further reserve their right to revise, amend, and/or supplement this response if and when they assert counter-claims or cross-claims, and/or seek damages in this action.

**iv.**    **"[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules, and subject to and without waiving the foregoing Initial Disclosure Qualifications, the Sasol Defendants will produce to Plaintiff any and all insurance agreements that may indemnify or reimburse the Sasol Defendants for payments made to satisfy any judgment in this action, on the conditions that any such agreements and the contents thereof shall be: (i) treated as "attorneys' eyes only;" and (ii) used solely for purposes of this action. The foregoing limitations shall apply unless and until modified by order of the Court or by express written agreement of the Sasol Defendants.

Dated:    September 11, 2020          */s/ Jonathan D. Polkes*
      New York, New York          Jonathan D. Polkes
      Caroline H. Zalka
      Luna N. Barrington
      Nicole E. Prunetti
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Tel:  (212) 310-8000
      Fax:  (212) 310-8007

*Counsel for Defendants Sasol Limited, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman*

9