T 206.623.7292   F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

<u>Via ECF</u>                                              October 15, 2021

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

> Re:    *Moshell v. Sasol Limited et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.)
>        Plaintiffs' Letter Motion to Compel Defendants
>        <u>to Comply with Class Certification Discovery Requests</u>

Dear Judge Cronan:

The Court should enter an order compelling Defendants to fully comply with Plaintiffs' Class Certification Requests by immediately producing all:

(i)     Internal and/or external LCCP audits conducted between April 2019 and present, including all audits related to the January 13, 2020 explosion at the LCCP and specifically including the safety audit received by management shortly before the January 13, 2020 explosion at the LCCP; and

(ii)    All reports subsequent to the explosion identifying the root causes.

***Plaintiffs' Commitment to Continue the Meet and Confer Process***. The September 7, 2021 Revised Scheduling Order requires Defendants' compliance with Plaintiffs' Class Certification Requests by today, October 15, 2021. ECF No. 162 ¶ 1(c). Prior to filing this motion, Plaintiffs' counsel met and conferred in good faith with Defendants' counsel, including by telephone on October 13, 2021, in an effort to resolve this dispute, but the process has been unsuccessful. Today at 4:42 p.m. Eastern, Defendants sent a 5-page letter, producing (or agreeing to produce) a limited subset of the requested documents and inviting further meet and confer next week—after the Court-ordered October 15 class certification discovery cut-off. Although Plaintiffs have filed this letter motion to preserve their rights, Plaintiffs commit to continuing the meet and confer process with the aim of resolving the dispute without the Court's intervention.

***The Requested Discovery Is Relevant to Class Certification and Therefore Must Be Immediately Produced***. In Defendants' opposition to class certification, Defendants argue that the Court should shorten the class period to end on August 16, 2019, contending that there is no causal link between their alleged misconduct and investors' losses stemming from Sasol's January 14, 2020 disclosure that the Company had "experienced an explosion and fire at its LCCP low-density polyethylene (LDPE) unit" on January 13, 2020. *See* ECF No. 168 at 22–24.

Setting aside that courts cannot adjudicate loss causation at the class certification stage,[1] Defendants' argument fails substantively. Plaintiffs allege that the January 13, 2020 explosion constitutes a "materialization of the risk" posed by Defendants' actions in misleading investors concerning the true cost and schedule for completion of the LCCP. As the LCCP expenses ballooned and the project incurred significant delays, the LCCP leadership team cut corners and created an unsafe environment, resulting in the January 13, 2020 explosion, the shutdown of the most critical unit at the plant, and further costs and production delays. *See* ECF No. 81 ¶ 56.

As further evidentiary support for the claim that the January 13, 2020 explosion was within the "zone of risk" concealed by Defendants' misrepresentations, Plaintiffs have repeatedly asked that Defendants expedite the production of internal and external LCCP audits conducted between April 2019 and present. *See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 233 (2d Cir. 2014) (an investor may establish loss causation by showing the "loss was foreseeable and caused by the materialization of the risk concealed by the fraudulent statement").

Immediately after Defendants filed their Class Certification Opposition putting the January 14, 2020 disclosure at issue, Plaintiffs reiterated these requests so that they could present this common evidence in their reply, which is due on November 15, 2021.[2]

***Defendants' Production to Date is Deficient***. In response to Plaintiffs' Class Certification Requests, Defendants have produced single versions of the **final** **internal** audits related to the LCCP from April 2019 to April 13, 2020, approved for publication by Sasol's executive management. However, Plaintiffs believe that, at least for certain internal audits, executive management *revised* the auditor's original findings. Consequently, the drafts of these reports must be produced, in addition to the work papers and internal and external correspondence related thereto (as discussed further below).

Specifically, prior to the publication of a management-approved audit report, Plaintiffs believe the practices of Sasol's internal audit division, Sasol Assurance Services (SAS), are to send Sasol management an original audit authored by the auditor. In addition, Plaintiffs believe an "auditor support package" containing the auditor's work product supporting the audit, including auditor and investigator notes, interviews, and witness statements, serves as an appendix to the original audit. Further, Plaintiffs believe that after the auditor's submission of the original audit, the audit makes its way first to Sasol's management in the U.S., and then is ultimately signed-off by Sasol's most senior executives in South Africa.

At least with respect to the Pre-Explosion Audit Report and Post-Explosion Audit Report, Plaintiffs believe that Sasol management made significant modifications to the original auditor's report in an effort minimize the Company's liability. To further develop this claim, Plaintiffs are entitled to: (i) the ***original Pre-Explosion Audit Report and Post-Explosion Audit Report*** transmitted to Sasol management; (ii) the corresponding "***auditor support packages***"; (iii) the

---

[1] *See Halliburton II* with *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ("*Halliburton I*") (holding that loss causation is not a class certification issue, but instead should be addressed at the merits stage).

[2] Plaintiffs reiterated their requests in a letter dated September 29, 2021, subsequent emails on October 5, 2021, and October 8, 2021, during an October 13, 2020 telephonic meet and confer, and a letter dated October 14, 2021.

010886-11/1684150 V1

*modified versions* of the Pre-Explosion Audit Report and Post-Explosion Audit Report and (iv) any *internal correspondence and correspondence with the auditors* related to the foregoing.

**Defendants' Offered Supplemental Production Is Insufficient.** In their October 15 letter, Defendants have agreed to producing the "audit files" for the Pre-Explosion Audit Report and Post-Explosion Audit Report by early next week, after the Class Certification Discovery cut-off. Defendants, however, do not commit to producing any of the other categories of requested documents.

Moreover, Plaintiffs believe that Defendants' refusal to produce LCCP audit reports dated after April 13, 2020, will exclude a highly relevant "Business Process Audit" that Plaintiffs believe Sasol conducted in the aftermath of the January 13, 2020 explosion. Plaintiffs believe this "Business Process Audit" reviewed Sasol's processes for public disclosures and reporting, mitigating investor losses, and the associated controls in place—all subject matters at issue in Plaintiffs' class certification motion. Plaintiffs believe that the Business Process Audit commenced in February 2020 and the auditor's original report was presented to Sasol management in or about June 2020.

In their October 15 letter, Defendants claim that after making reasonable inquiries, they have not identified such an audit. Plaintiffs' counsel commits to providing additional information to assist Defendants with conducting their search for this audit. In the event Defendants ultimately claim that no such audit exists, Plaintiffs request that Defendants supply a declaration from a Sasol representative attesting to the search undertaken and the non-existence of this audit.

**Defendants' Remaining Objections Are Without Merit.** Any contention that Plaintiffs' requests for the specific documents identified herein are untimely is frivolous. These documents are plainly covered by formal document requests Plaintiffs **served over a year ago**, and Plaintiffs have repeatedly requested that Defendants expedite production of the same materials. Defendants cannot sit idle and wait for Plaintiffs' counsel to identify the universe of responsive documents in their possession; rather, this is Defendants' obligation under Fed. R. Civ. P. 34. Likewise, the requests are not overbroad or unduly burdensome. Plaintiffs believe that the requested audit reports are maintained on a central Sasol SharePoint/TeamShare drive and that audit report calendars/schedules track the various iterations of the reports.

Based on the foregoing, Plaintiffs will continue to meet and confer in good faith with Defendants, and will promptly inform the Court of any developments early next week. In the event the parties are unable to resolve the dispute informally, however, Plaintiffs respectfully request that the Court compel Defendants to fully comply with Plaintiffs' Class Certification Requests.

Respectfully submitted,

*/s/ Steve W. Berman*
Steve W. Berman

*Attorney for Lead Plaintiff David Cohn and Additional Representative Plaintiff Chad L. Moshell*

Cc: All counsel of record (via ECF)

- 3 -

010886-11/1684150 V1