# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Caroline Zalka**
**+1 212 310 8527**
Caroline.za ka@weil.com

BY ECF

October 22, 2021

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Chad Lindsey Moshell v. Sasol Ltd., et al.*, Case 1:20-CV-01008 (JPC) (S.D.N.Y.)
   Defendants' Response to Plaintiffs' Letter Motion to Compel Defendants to Comply with Class
   Certification Discovery Requests

Dear Judge Cronan:

On behalf of all Defendants, we write in response to Plaintiffs' Letter Motion to Compel the production of certain documents purportedly related to class certification ("Letter Motion"). ECF No. 173. For the reasons set forth below, Plaintiffs' Letter Motion should be denied.

***Overview of Plaintiffs' Requests and Defendants' Production.*** On September 29, 2021, Plaintiffs requested for the first time in connection with class certification copies of "internal or external LCCP Audits conducted between April 2019 and present," including (1) "the safety audit received by management shortly before the January 13, 2020, explosion at the LCCP" and (2) "reports subsequent to the explosion identifying the root causes" (collectively, the "Sept. 29 Requests"). Plaintiffs did not request all documents concerning the audits or reports—rather, copies of the audits and reports themselves. On October 10, Defendants produced documents responsive to the two specific requests, and completed their production of responsive LCCP audits (dated April 2019 - April 2020) on October 15, 2021.[1]

However, on October 13 and 14, 2021—hours before the class certification discovery deadline—Plaintiffs requested for the first time a broad swathe of additional documents. ECF No. 173 at 2-3 ("Oct. 13-14 Requests"). Notwithstanding Plaintiffs' unjustifiable delay in requesting these materials, Defendants today produced: (1) underlying documents maintained by the record keeper in Sasol's Legal Department and Company's Lotus Notes system for the February 2020 SHE Incident Report; and (2) the Management Report: Sasol North American Operations LCCC Environment and Safety Incident Audit, dated July 2020 (the "July 2020 SHE Audit Report").[2]

---

[1] Defendants have further agreed to review LCCP safety audit reports dated between April and December 2020 to determine if the scope of those audits covered the time period before the explosion.

[2] In each of its communications, Plaintiffs referred to this as a "pre-explosion report" and described it as the latest in time LCCP safety audit before the explosion. After Defendants produced what they believed to be the applicable SAS LCCP Audit, Plaintiffs insisted there was a different LCCP "pre-explosion report" and based on additional detail provided by Plaintiffs,

Page 2                                                                         **Weil, Gotshal & Manges LLP**
Hon. John P. Cronan

Accordingly, only two items remain in dispute with respect to class certification discovery: Plaintiffs' request for (1) "any internal correspondence and correspondence with the auditors" related to the February 2020 SHE Incident Report (*i.e.*, beyond the centralized file); and (2) the original, draft, subsequent versions, auditor support package, and "any internal correspondence and correspondence with the auditors" related to the July 2020 SHE Audit Report (collectively, the "Remaining Requests").[3]

### *Plaintiffs Fail to Demonstrate the Relevance of Their Class Certification Discovery Requests*

This dispute centers on the irrelevance of the Remaining Requests and the burden associated with producing materials on an expedited basis that have no bearing on the class certification motion.

By way of background, in its August 24, 2020 Order, the Court specifically held that only "alleged misrepresentations related to the estimated costs and schedule of the LCCP" remain at issue in this case. ECF No. 74 at 25. On May 22, 2019, Sasol disclosed that "the cost estimate for the LCCP has been revised to a range of $12.6 to $12.9 billion." *See* May 22, 2019 Form 6-K; Nov. 16, 2020 Sasol Form 6-K (announcing completion upon the previously announced estimate). That was Sasol's final revision to the LCCP cost estimate and thus cured the market with regard to any alleged misstatement regarding cost. And, on August 16, 2019, Sasol disclosed that the beneficial operation date for the Ethane Cracker was delayed due to a "technical challenge" and that "an update on the achievement of beneficial operation will be provided on or before 26 August 2019." *See* Aug. 16, 2019 Sasol Form 6-K. It was at this point (August 16, 2019), at the very latest, that any alleged misstatements concerning the schedule were cured.[4]

Notwithstanding that each of the alleged misstatements concerning the LCCP cost and schedule had been fully corrected months earlier, Plaintiffs' proposed class period ends on January 13, 2020 when there was a four-minute fire at Sasol's LCCP low-density polyethylene unit (the "LDPE"). Under well-established precedent, this attempt to extend the class period months past the disclosure that 'cured the market' of the alleged misrepresentation fails as a matter of law.[5]

---

Defendants identified and produced the July 2020 SHE Report. To be clear, however, the July 2020 SHE report was issued six months after the explosion (long after the class period ends), was a routine audit about the Lake Charles Chemicals Complex or "LCCC" (not the LCCP specifically), and most significantly, has nothing to do with a root cause analysis of the explosion.

[3] In the Oct. 13-14 Requests, Plaintiffs requested for the first time a "Business Process Audit" from "on or about June 2020" that "reviewed Sasol's processes for public disclosures and reporting, mitigating investor losses, and the associated controls in place" because it purportedly addressed "subject matters at issue in Plaintiffs' class certification motion." After reasonable inquiry using the descriptions provided by Plaintiffs, Defendants have not located such an audit. Defendants will provide a declaration from the relevant Sasol personnel describing the search efforts undertaken.

[4] As explained in Sasol's opposition to class certification, Sasol's disclosures on August 26, 2019 and October 28, 2019 merely provided "additional details and context" to what had already been disclosed by August 16, 2019, and thus should not function to extend the class period. ECF No. 169 at 23-24 (citing *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. at 133 and *In re Fed. Nat. Mortg. Ass'n Sec., Derivative & ERISA Litig.*, 247 F.R.D. 32, 40 (D.D.C. 2008).

[5] *See In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *40 (S.D.N.Y. Oct. 18, 2019) ("[a]t the class certification stage, courts are required to cut off the class period on the date of a statement or event that cures the market")

Page 3
Hon. John P. Cronan

Unable to dispute this showing, Plaintiffs resort to a "materialization of the risk" theory—a concept vaguely referenced in just one paragraph of their 266 paragraph, 115 page complaint. *See* ECF No. 173 at 2 (citing ECF No. 81 at ¶ 56). Specifically, Plaintiffs now contend that the LDPE explosion somehow resulted from Sasol's alleged "actions in misleading investors concerning the true [LCCP] cost and schedule" and thus revealed some further truth about the LCCP cost and schedule that had been *fully correctively disclosed months earlier*. ECF No. 173 at 2.[6] On this purely speculative basis, Plaintiffs are now demanding that Defendants engage in a massive undertaking to search, review, and produce all internal documents concerning audits that have nothing to do with the explosion on an expedited basis.

In addition to being legally meritless, Plaintiffs' tortured contention is flatly inconsistent with the evidentiary record.  It had absolutely nothing to do with the "LCCP cost and schedule" allegations that form the basis of this complaint.

Accordingly, the Remaining Requests—that call for the collection, review and production of thousands of pages of wholly irrelevant material that have nothing to do with the cause of the explosion—are unduly burdensome and should be denied.[7] *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (stating, with regard to class discovery, "the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas") (quotation omitted). Sasol should not be compelled to search for and produce documents just because Plaintiffs are dissatisfied with the factual record that forecloses their argument.

---

(internal quotations omitted); *In re SunEdison,* 329 F.R.D. at 134 (same). On this basis, Defendants opposed Plaintiffs' attempt to certify a class through January 13, 2020. *See* ECF No. 169 at 22-24.

[6] Plaintiffs' invocation of *Halliburton II* is misplaced because Sasol's objections to the proposed class period do not require a loss causation analysis. As one court in this district recently stated: "[S]imply identifying whether a disclosure is related to an earlier misrepresentation can be done without getting unnecessarily tangled in an analysis of loss causation or materiality. If a defendant can only rebut the *Basic* presumption by 'severing the link' between the alleged misrepresentation and the stock price, there must first be an existing link to sever." *In re Chi. Bridge*, 2019 WL 5287980, at *22. Indeed, "a court may appropriately consider, at the class certification stage, whether an alleged corrective disclosure actually corrected an earlier misrepresentation." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 WL 1329354, at *5 (S.D.N.Y. Mar. 23, 2020).

[7] Plaintiffs' eleventh-hour requests filed on the class discovery deadline are untimely. *Joye v. Psch, Inc.*, 2016 WL 3141659, at *4 n.2 (S.D.N.Y. June 3, 2016) (denying motion to compel because "a 'discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests.'") (citation omitted).

Page 4
Hon. John P. Cronan

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

*/s/ Caroline Zalka*

Caroline Zalka

cc: All counsel of record (by ECF)