**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Caroline Zalka**
+1 212 310 8527
caroline.zalka@weil.com

BY ECF

October 22, 2021

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Chad Lindsey Moshell v. Sasol Ltd., et al.*, Case 1:20-CV-01008 (JPC) (S.D.N.Y.)

Dear Judge Cronan:

  We write on behalf of Defendants Sasol Limited, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman (collectively, "Defendants") in the above-referenced action. Defendants respectfully request leave, under Rule 4(B) of this Court's Individual Rules and Practices in Civil Cases (the "Individual Rules"), to file under seal Defendants' Response to Plaintiffs' Letter Motion to Compel Defendants to Comply with Class Certification Discovery Requests ("Response Letter"), and to publicly file a redacted form thereof.

  The redacted material in the Response Letter reflects a description of Sasol's February 2020 Safety Health and Environment ("SHE") Incident Investigation Report ("February 2020 SHE Incident Report"), which describes confidential and proprietary technical, commercial, and financial information of Sasol related to the January 13, 2020 explosion at the LDPE, and which was produced to Plaintiffs on an "Attorneys-Eyes Only" basis. Defendants have narrowly tailored the redactions in their Response Letter to protect only this sensitive business information. Sasol has maintained the confidentiality of the information contained in the February 2020 SHE Incident Report, both internally and with external parties. Plaintiffs take no position on Defendants filing their Response Letter under seal and with redactions.

  Courts in this District have recognized such documents as confidential and have permitted them to be filed under seal. *See Kewazinga Corp., v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. March 31, 2021) (permitting Microsoft to redact confidential and proprietary business information because "demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents.") (citation omitted).

Hon. John P. Cronan, U.S.D.J.  Weil, Gotshal & Manges LLP
October 22, 2021
Page 2

When the presumption of access is weighed against the "countervailing factor[]" of the confidential and proprietary nature of the redacted information, the balance of factors tips against permitting public access to the narrowly redacted information in the Response Letter. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Defendants respectfully request that they be permitted to file the Response Letter under seal and to file a public version of the Response Letter redacting the description of the February 2020 SHE Incident Report.

Respectfully submitted,

*/s/ Caroline Zalka*
Caroline Zalka

cc: All counsel of record (by ECF)

The requests to seal and to extend the filing deadline are granted. Defendants shall carefully examine the Court's Individual Rules to ensure compliance with proper sealing procedures. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 174 and 175.

SO ORDERED.
Date: October 25, 2021
    New York, New York

JOHN P. CRONAN
United States District Judge