# EXHIBIT 39

T 510.725.3000   F 510.725.3001



Lucas Gilmore
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3052**
**LucasG@hbsslaw.com**

September 2, 2021

<u>**VIA E-MAIL**</u>

Nicole Prunetti
Jonathan Polkes
Caroline Zalka
Luna Barrington
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

> Re:   *Moshell v. Sasol Limited, et al.*, No. 1:20-cv-01008-JSR (S.D.N.Y.);
>         Lynnley Browning's Objections to Subpoenas

Dear Counsel:

As you know, we represent third-party Lynnley Browning ("Ms. Browning") in connection with the subpoena to testify at a deposition in a civil action ("Deposition Subpoena"), and the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action ("Document Subpoena"), both issued by Defendants on August 30, 2021 (collectively, the "Subpoenas").

As reflected in the attached objections and explained herein, the Subpoenas are improper in several respects and should be immediately withdrawn.  Accordingly, we request a meet and confer on or after September 8 in an effort to resolve this dispute informally and avoid the need to file a letter-motion to quash the Subpoenas or alternatively obtain a protective order.[1]

***First***, the Subpoenas are untimely under the parties' agreed-upon Revised [Proposed] Scheduling Order, filed with the Court on August 9, 2021 [ECF No. 160] ("RSO").  Defendants purport to seek to depose Ms. Browning "in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification."[2]  Under the RSO, however, the parties agreed, "All documents and depositions related to Defendants' opposition to class certification, if any, ***shall be completed*** by **September 1, 2021**."  RSO ¶ 1 a.[3] (emphasis added). The Subpoenas, which

---

[1] I am out of the office and not returning until September 8.

[2] *See* Email from Prunetti to HBSS, dated Aug. 30, 2021.

[3] The deposition of Lead Plaintiff David Cohn was noticed on August 3, 2021 and scheduled to proceed on August 18, 2021.  On the morning of August 18, immediately prior to Mr. Cohn's deposition, at Defendants' counsel's request, Plaintiffs agreed to postpone Mr. Cohn's deposition beyond the September 1 deadline (i.e., September 17) due to Defense counsel's medical issue.

SEATTLE  BOSTON  CHICAGO  LOS ANGELES  NEW YORK  PHOENIX  SAN DIEGO  BERKELEY

September 2, 2021
Page 2

were served after business hours on August 30, seek Ms. Browning's production of documents on September 14 and her deposition on September 16, both well after the agreed-upon September 1 deadline.

In negotiating the RSO, the parties participated in a lengthy meet and confer conference on July 19 and thereafter exchanged numerous email communications addressing, among other issues, the discovery Defendants anticipated in connection with their Opposition to Plaintiffs' Motion for Class Certification, which has been pending for nearly a year. Significantly, at no point prior to August 30 did Defendants indicate a desire to obtain discovery from Ms. Browning in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification. Under these circumstances, the time period specified for compliance in the Deposition Subpoena is not reasonable under Fed. R. Civ. P. 45, and therefore the Subpoenas should be quashed.

*Second*, the sought-after discovery from Ms. Browning is entirely irrelevant to class certification. Indeed, the disconnect between the questions posed by Fed. R. Civ. P. 23 and the requested testimony and documents explains why Defendants had never before sought discovery from Ms. Browning. Instead, as evinced in the July 7, 2021 Order, any relevant evidence Ms. Browning could provide in this action would bare only on "credibility issues and factual disputes," which similarly cannot be resolved at the class certification stage. *Moshell v. Sasol Ltd.*, 2021 WL 3174414, at *1 (S.D.N.Y. July 24, 2021); *see also In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 135 (S.D.N.Y. 2019) (fact-based questions like materiality "cannot be decided on a Rule 23 motion") (collecting cases).

*Third*, the Subpoenas violate the structure and design of the RSO. Consistent with the agreements reached by the parties in negotiating the RSO, the RSO contemplates that merits-based depositions like that of Ms. Browning should occur after the substantial completion of document production. See RSO ¶¶ 2 b., d. The RSO further provides, "Absent an agreement between the parties or an order from the Court, *nonparty depositions shall follow initial party depositions*." See RSO ¶ 2 d. (ii). Here, Defendants have not substantially completed their document production. Nor have initial party depositions been taken. Accordingly, such a merit-based deposition is premature under the RSO.

*Fourth*, Defendants' attempt to proceed with Ms. Browning's deposition now prejudices Plaintiffs. Consistent with their Motions for Reconsideration and Sanctions, it is evident from the Subpoenas that Defendants will improperly attempt to use the class certification motion to again litigate the merits of Plaintiffs' confidential witness ("CW") allegations on an incomplete record. Yet, Defendants continue to deprive Plaintiffs of evidence likely to assist the factfinder in resolving the credibility issues and factual disputes arising from the CW dispute. This includes the documents sent to and received by the CWs and/or the Individual Defendants and documents referenced by CWs in their accounts, which Plaintiffs submit will corroborate the CW allegations in the Second Amended Complaint and undermine their subsequent repudiations after they were identified to Defendants, contacted by Defendants' counsel and their investigators, and asked to sign declarations drafted by Defendants' counsel.

010886-11/1614497 V4

September 2, 2021
Page 3

*Fifth*, the Document Subpoena (and presumably the subject matter on which Defendants seek to depose Ms. Browning) plainly seeks information protected by the work product doctrine. The Document Subpoena seeks information far beyond how communications with the CWs occurred, how they were memorialized, how were they represented in the complaint, whether the CWs were shown a copy of the complaint and what they were told as to how their statements would be characterized. *See* Nov. 10, 2020 Tr. at 37:7-11 (Court setting out relevant information to be obtained for purposes of limited discovery).

Request No. 1 seeks all documents and communications in Ms. Browning's custody, possession or control concerning this action, including all communications with Hagens Berman. Request No. 2 seeks all documents and communications provided to or received from any person concerning the Action. Request No. 3 seeks all documents created by Ms. Browning when working in connection with and/or at the direction of Hagens Berman concerning the Action. Request No. 5 seeks documents and communications regarding Ms. Browning's duties, responsibilities and roles concerning her investigation in connection with the Action. Moreover, the Document Subpoena specifies the relevant time period to be February 5, 2020, through to the present. Accordingly, compliance with these requests would require Ms. Browning's production of notes, memos, communications and other investigative materials completely independent of the CW allegations, including records reflecting investigative efforts and mental impressions generated after the filing of the SAC. Such materials are plainly protected by the attorney work product doctrine.

In addition, Request No. 4 appears to seek documents relating to Hagens Berman's engagement of On Point beyond the instant action, which records are entirely irrelevant and require disclosure of protected information.

*Finally*, the Subpoenas are not proportional to the needs of this case. In connection with Defendants' Motion for Reconsideration and Sanctions, the Court set forth a limited discovery plan concerning the six CWs. Significantly, the Court-ordered limited discovery plan did not include a deposition of Ms. Browning. Moreover, after completion of the limited discovery and review of the record, in its July 7, 2021 Order, the Court did not express the need for further evidence from Ms. Browning to determine the propriety of Plaintiffs' or their counsel's conduct in this action. Given the minimal importance to Ms. Browning's testimony in resolving issues in this case, the extensive record of CW discovery to date, the burden associated with Ms. Browning's compliance with the Subpoenas substantially outweigh any potential benefit. *See* Fed. R. Civ. P. 26(b)(1).

September 2, 2021
Page 4


        Based on the foregoing, Ms. Browning and Plaintiffs submit that the Subpoenas should be immediately withdrawn.  Please kindly let us know your availability for the requested meet and confer.

                        Sincerely,

                        HAGENS BERMAN SOBOL SHAPIRO LLP

                        */s/ Lucas Gilmore*

                        Lucas Gilmore
                        Senior Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHAD LINDSEY MOSHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>Defendants. | Case No. 1:20-cv-01008-JPC<br><br>Hon. John P. Cronan<br><br>**LYNNLEY BROWNING'S OBJECTIONS TO DEFENDANTS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

Third-Party Lynnley Browning ("Ms. Browning") hereby submits the following objections to Defendants' Subpoena to Testify at a Deposition in a Civil Action directed to Ms. Browning ("Deposition Subpoena").

Ms. Browning objects to the Deposition Subpoena as untimely under the parties' agreed-upon Revised [Proposed] Scheduling Order filed in the instant action on or about August 9, 2021 [ECF No. 160] ("RSO"). Defendants purport to seek to depose Ms. Browning in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification. Under the RSO, the parties agreed, "All documents and depositions related to Defendants' opposition to class certification, if any, shall be completed by **September 1, 2021**." RSO ¶ 1 a. The Deposition Subpoena, which was served after business hours on August 30, 2021, seeks to depose Ms. Browning on September 16, 2021, well after the agreed-upon September 1, 2021 deadline. In addition, at no point prior to August 30, 2021 did Defendants indicate a desire to depose Ms. Browning in connection with Defendants' Opposition to Plaintiffs' Motion for Class

- 1 -

Certification.  Under these circumstances, the time period specified for compliance in the Deposition Subpoena is not reasonable under Fed. R. Civ. P. 45.

Ms. Browning also objects to the Deposition Subpoena on the grounds that the sought-after testimony from Ms. Browning is irrelevant to Plaintiffs' Motion for Class Certification.  As evinced in the July 7, 2021 Order, any relevant testimony Ms. Browning could provide in this action would bare only on factual disputes not pertinent to the issue of class certification. Such merit issues are intensively fact-driven and therefore not properly considered at class certification. *See In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 135 (S.D.N.Y. 2019) (fact-based questions like materiality "cannot be decided on a Rule 23 motion") (collecting cases).

Ms. Browning further objects to the Deposition Subpoena on the grounds that it violates the structure and design of the RSO.  The RSO contemplates that merits-based depositions should occur after the substantial completion of document production.  See RSO ¶¶ 2 b., d.  The RSO further provides, "Absent an agreement between the parties or an order from the Court, nonparty depositions shall follow initial party depositions." See RSO,¶ 2 d. (ii).  Here, Defendants have not substantially completed their document production.  Nor have initial party depositions been taken.

In addition, Ms. Browning objects to the Deposition Subpoena on the grounds that it is prejudicial to Ms. Browning and Plaintiffs.  It is evident from the Deposition Subpoena and corresponding document requests that Defendants seek to litigate the merits of Plaintiffs' confidential witness ("CW") allegations.  Defendants, however, have not completed their production of several categories of documents relevant to findings of fact related to the CW allegations, including the CWs' custodial files and documents referenced by CWs in their accounts.

- 2 -

010886-11/1612386 V1

Ms. Browning also objects to the Subpoena to the extend it seeks t information protected by the work product doctrine.

Finally, Ms. Browning objects to the Deposition Subpoena on the grounds that it is not proportional to the needs of this case.  In connection with Defendants' Motion for Reconsideration and Sanctions, the Court set forth a limited discovery plan concerning the six CWs.  Significantly, the Court-ordered limited discovery plan did not include a deposition of Ms. Browning.  Moreover, after completion of the limited discovery and review of the record, in its July 7, 2021 Order, the Court did not express the need for further evidence from Ms. Browning to determine the propriety of Plaintiffs' or their counsel's conduct in this action. Given the minimal importance to Ms. Browning's testimony in resolving issues in this case, the extensive record of CW discovery to date, the burden associated with Ms. Browning's deposition substantially outweighs any potential benefit. *See* Fed. R. Civ. P. 26(b)(1).

DATED: September 2, 2021                    Respectfully submitted,

                                           By */s/ Steve W. Berman*
                                           _____
                                               STEVE W. BERMAN
                                           Steve W. Berman (admitted *Pro Hac Vice*)
                                           Jerrod C. Patterson (admitted *Pro Hac Vice*)
                                           HAGENS BERMAN SOBOL SHAPIRO LLP
                                           1301 Second Avenue, Suite 2000
                                           Seattle, WA 98101
                                           Telephone: (206) 623-7292
                                           Facsimile: (206) 623-0594
                                           Email: steve@hbsslaw.com
                                           Email: jerrodp@hbsslaw.com

010886-11/1612386 V1

- 4 -

Lucas E. Gilmore (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Counsel for Lead Plaintiff David Cohn and*
*Additional Representative Plaintiff Chad L. Moshell*

- 4 -

010886-11/1612386 V1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, <br><br> Defendants. | Case No. 1:20-cv-01008-JSR <br><br> **LYNNLEY BROWNING'S OBJECTIONS TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third-Party Lynnley Browning ("Ms. Browning"), by and through her undersigned attorneys, hereby objects to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications (including, without limitation, any notes of Communications) concerning the Action and/or the CWs, with any person, including, without limitation (i) individuals employed by On Point Investigations, (ii) the CWs and/or their counsel, and (iii) Plaintiffs and/or their counsel Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), and its associates, partners, employees, and any other agent acting on its behalf or in cooperation with it.

.

**RESPONSE:**

Ms. Browning objects to the Request on the grounds that it seeks documents or information protected by the work product doctrine. Ms. Browning objects to the Request as harassing, unduly burdensome, overly broad, and outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 45.  Ms. Browning objects on the grounds that the documents sought are unreasonably cumulative, duplicative, and/or disproportionate, particularly in light of the documents and testimony adduced during the limited Confidential Witness discovery.  Ms. Browning further objects to the Request as it seeks information or documents that are irrelevant to class certification, much less a claim or a defense in this action.

Subject to and without waiving the foregoing objections, Ms. Browning responds as follows:

Ms. Browning will not produce documents in response to this Request as framed.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications provided to or received from any person regarding the Action and/or the CWs.

**RESPONSE:**

Ms. Browning objects to the Request on the grounds that it seeks documents or information protected by the work product doctrine. Ms. Browning objects to the Request as harassing, unduly burdensome, overly broad, and outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 45.  Ms. Browning objects on the grounds that the documents sought are unreasonably cumulative, duplicative, and/or disproportionate, particularly in light of the documents and testimony adduced during the limited Confidential Witness discovery.  Ms. Browning further

objects to the Request as it seeks information or documents that are irrelevant to class certification, much less a claim or a defense in this action.

Subject to and without waiving the foregoing objections, Ms. Browning responds as follows:

Ms. Browning will not produce documents in response to this Request as framed.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents created by You when working in connection with and/or at the direction of Hagens Berman concerning the Action and/or the CWs, including notes, audio recordings, or any other form of memorialization of the conversations between such firm(s) and the CWs."

**RESPONSE:**

Ms. Browning objects to the Request on the grounds that it seeks documents or information protected by the work product doctrine. Ms. Browning objects to the Request as harassing, unduly burdensome, overly broad, and outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 45.   Ms. Browning objects on the grounds that the documents sought are unreasonably cumulative, duplicative, and/or disproportionate, particularly in light of the documents and testimony adduced during the limited Confidential Witness discovery.  Ms. Browning further objects to the Request as it seeks information or documents that are irrelevant to class certification, much less a claim or a defense in this action.

Subject to and without waiving the foregoing objections, Ms. Browning responds as follows:

Ms. Browning will not produce documents in response to this Request as framed.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Communications sufficient to show On Point Investigations' engagement by and/or relationship with Hagens Berman.

**RESPONSE:**

Ms. Browning objects to the Request on the grounds that it seeks documents or information protected by the work product doctrine. Ms. Browning objects to the Request as harassing, unduly burdensome, overly broad, and outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 45. Ms. Browning objects on the grounds that the documents sought are unreasonably cumulative, duplicative, and/or disproportionate, particularly in light of the documents and testimony adduced during the limited Confidential Witness discovery. Ms. Browning further objects to the Request as it seeks information or documents that are irrelevant to class certification, much less a claim or a defense in this action.

Subject to and without waiving the foregoing objections, Ms. Browning responds as follows:

Ms. Browning will not produce documents in response to this Request as framed.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications regarding Your duties, responsibilities and roles concerning your investigation in connection with the Action.

**RESPONSE:**

Ms. Browning objects to the Request on the grounds that it seeks documents or information protected by the work product doctrine. Ms. Browning objects to the Request as harassing, unduly burdensome, overly broad, and outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 45. Ms. Browning objects to the Request on the grounds that the phrase "duties,

responsibilities and roles concerning your investigation" is vague, ambiguous, and incomprehensible and, therefore, requires Ms. Browning to engage in conjecture as to the Request's meaning. Ms. Browning objects on the grounds that the documents sought are unreasonably cumulative, duplicative, and/or disproportionate, particularly in light of the documents and testimony adduced during the limited Confidential Witness discovery. Ms. Browning further objects to the Request as it seeks information or documents that are irrelevant to class certification, much less a claim or a defense in this action.

Subject to and without waiving the foregoing objections, Ms. Browning responds as follows:

Ms. Browning will not produce documents in response to this Request as framed.

DATED: September 2, 2021

Respectfully submitted,

By /s/ Steve W. Berman
    STEVE W. BERMAN
Steve W. Berman (admitted *Pro Hac Vice*)
Jerrod C. Patterson (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jerrodp@hbsslaw.com

Lucas E. Gilmore (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Counsel for Lead Plaintiff David Cohn and Additional Representative Plaintiff Chad L. Moshell*