# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 (212) 310-8881
Jonathan.Po kes@weil.com

BY ECF

December 15, 2021

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:  *Chad Lindsey Moshell v. Sasol Ltd., et al.*, Case 1:20-CV-01008 (JPC) (S.D.N.Y.)

Dear Judge Cronan:

On behalf of all Defendants,[1] we write to address certain issues raised for the first time in Plaintiffs' reply brief in support of their motion for class certification. ECF No. 192 at 9.

Defendants asserted two straightforward arguments in opposing class certification. First, Defendants argued that Plaintiffs' Counsel cannot adequately represent the putative class because their conduct in this case and others prohibits them from serving as fiduciaries for the putative class. *See* ECF No. 168 at 5-22. Second, Defendants argued that, even if the Court is inclined to certify the Class, the Court should shorten the putative class period because Plaintiffs' opening brief did not demonstrate that the January 13, 2020 explosion at the LCCP revealed some new truth about (or indeed, had any connection whatsoever to) the alleged misstatements concerning projected LCCP costs and schedule. *See* ECF No. 168 at 22-24.

In response to the second argument, Plaintiffs have improperly submitted for the first time with their Reply Brief what they describe as "evidence Plaintiffs obtained through its [sic] class certification discovery." ECF No. 192 at 9. The Court should disregard this evidence, as well as Plaintiffs' arguments that refer to it (*see id.* at 9-10), because Plaintiffs have deprived Defendants of the opportunity to address the factual issues they raised for the first time on reply. *See Li Hong Cheng v. Canada Goose Holdings Inc.,* 2019 WL 6617981, at \*6 (S.D.N.Y. Dec. 5, 2019) (declining to consider lead plaintiff movant's argument because it was raised for the first time in reply brief); *see also Montanio v. Keurig Green Mountain, Inc.,* 276 F. Supp. 3d 212, 223 (D. Vt. 2017) (citing *Patterson v. Balsamico,* 440 F.3d 104, 114 (2d Cir. 2006) (collecting cases)). Plaintiffs' attempt to introduce new issues of fact after Defendants filed

---

[1] Defendants are Sasol Limited, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman.

Judge Cronan
December 15, 2021
Page 2

<span style="text-align:right">**Weil, Gotshal & Manges LLP**</span>

their opposition is particularly inappropriate because Plaintiffs mischaracterize the evidence they should not have submitted in the first place. The vast majority of documents that Plaintiffs attempt to introduce as supposedly related to the LDPE explosion have nothing to do with—indeed, *do not even mention once in passing*—the LDPE explosion. Furthermore, and as Plaintiffs' counsel already knows, only Sasol's February 2020 investigative report identifies the root cause of the explosion, and the results of that investigation conclusively demonstrate that ███████████████████████████ ███████████████████████████████████████████. *See* ECF No. 194-6 at 48, 71. There is no dispute concerning the findings of this root cause analysis. The explosion was thus not caused by—or a purportedly "foreseeable consequence of" (ECF No. 192 at 8)—Defendants' alleged misstatements that took place *years later*. Under well-established precedent, Plaintiffs' attempt to extend the class period months past the disclosure that 'cured the market' of the alleged misrepresentation fails as a matter of law.[2]

Accordingly, Defendants respectfully request that the Court disregard Plaintiffs' newly submitted evidence and the arguments in Plaintiffs' reply brief that refer to it. If the Court is inclined to consider Plaintiffs' new evidence and argument, however, Defendants should be afforded the opportunity to address Plaintiffs' mischaracterization of the evidence, and develop the record on this point during the evidentiary hearing on the issues raised in Defendants' opposition.

Respectfully submitted,

*/s/ Jonathan D. Polkes*

Jonathan D. Polkes

cc:  All Counsel of Record (by ECF)

---

[2] *See In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *40 (S.D.N.Y. Oct. 18, 2019) ("[a]t the class certification stage, courts are required to cut off the class period on the date of a statement or event that cures the market") (internal quotations omitted); *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 134 (S.D.N.Y. 2019) (quoting *Pirnik v. Fiat Chrysler Automobiles, N.V.*, 327 F.R.D. 38, 48 (S.D.N.Y. 2018)) ("In a securities fraud class action, 'courts are required to cut off the class period on the date of a statement or event that cures the market.'").