# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated, | C.A. No. 1:20-cv-01008-JPC |
| Plaintiff, | Hon. John P. Cronan |
| -v- | |
| SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, | |
| Defendants. | |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

# TABLE OF CONTENTS

**Page**

DEFINITIONS ............................................................................................................... 6

PRELIMINARY APPROVAL OF SETTLEMENT ................................................. 15

CAFA NOTICE .......................................................................................................... 16

RELEASE OF CLAIMS ............................................................................................ 16

THE SETTLEMENT CONSIDERATION................................................................ 17

USE OF SETTLEMENT FUNDS ............................................................................ 18

ATTORNEYS' FEES AND LITIGATION EXPENSES.......................................... 21

NOTICE AND SETTLEMENT ADMINISTRATION............................................. 23

TERMS OF JUDGMENT.......................................................................................... 30

CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL,
    CANCELLATION, OR TERMINATION ...................................................... 30

NO ADMISSION OF WRONGDOING ................................................................... 33

MISCELLANEOUS PROVISIONS.......................................................................... 35

010886-11/1861106 V1

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 1, 2022 (the "Stipulation") is entered into between (a) lead plaintiff David Cohn ("Lead Plaintiff"), and additional plaintiff representative Chad Lindsey Moshell ("Additional Plaintiff Representative," and together with Lead Plaintiff, "Plaintiffs") on behalf of themselves and members of the Settlement Class (defined below); and (b) defendant Sasol Limited ( "Sasol" or the "Company") and defendants David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman (collectively, the "Individual Defendants" and, together with Sasol, "Defendants") (Plaintiffs and Defendants, together, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, without any admission or concession as to the merits of any of the Parties' claims or defenses, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

**WHEREAS:**

A.      On February 2, 2020, Chad Lindsey Moshell filed a class action complaint, Case No. 1:20-cv-01008-JSR (Dkt. 1) against Sasol, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor and Fleetwood Grobler in the United States District Court for the Southern District of New York (the "Court"), on behalf of himself and all other persons or entities who purchased or otherwise acquired American Depository Receipts ("ADRs") of Sasol during the period from March 10, 2015 to January 13, 2020, inclusive (the "Settlement Class Period")

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribedto them in ¶ 1 herein.

alleging violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The case was assigned to the Honorable Jed S. Rakoff.

B.    On May 4, 2020, the Court entered an Order appointing David Cohn as Lead Plaintiff and approving his selection of Hagens Berman Sobol Shapiro LLP as lead counsel ("Lead Counsel") (Dkt. 52).

C.    On June 4, 2020, Lead Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint") for violations of the federal securities laws based on alleged misstatements by defendants Sasol, David Edward Constable ("Constable"), Bongani Nqwababa ("Nqwababa"), Stephen Cornell ("Cornell"), Paul Victor ("Victor"), Fleetwood Grobler ("Grobler") and Stephan Schoeman ("Schoeman") concerning the projected cost and schedule of Sasol's Lake Charles Chemicals Project ("LCCP") in Lake Charles, Louisiana and concerning Sasol's internal controls. (Dkt. 59) Defendants Sasol, Constable, Nqwababa, Cornell, Victor, Grobler and Schoeman moved to dismiss the Amended Complaint on July 2, 2020 (Dkt. 66), Lead Plaintiff filed his memorandum of law in opposition to the motion to dismiss the Amended Complaint on July 30, 2020 (Dkt. 68), and, defendants Sasol, Constable, Nqwababa, Cornell, Victor, Grobler and Schoeman filed their reply papers on August 10, 2020 (Dkt. 69).

D.    On August 24, 2020, the Court partially granted and partially denied the motion to dismiss. The Court granted the motion to dismiss as to the internal controls claims but denied the motion to dismiss concerning the projected LCCP cost and schedule claims, and granted the motion as to Mr. Grobler but denied the motion to dismiss as to defendants Sasol, Constable, Nqwababa, Cornell, Victor and Schoeman (Dkt. 74).

E.      Discovery commenced in late August 2020. Lead Plaintiff and Defendants served initial disclosures, served and responded to requests for production of documents, and began document production.

F.      On September 11, 2020 Lead Plaintiff filed a Second Amended Class Action Complaint (the "Second Amended Complaint") for violations of the federal securities laws against Defendants, adding Chad Lindsey Moshell as Additional Plaintiff Representative and removing allegations related to the dismissed internal controls claims and all claims against Mr. Grobler (Dkt. 81).

G.      On September 30, 2020, the Action was reassigned from the Honorable Jed. S. Rakoff to the Honorable John P. Cronan.

H.      On October 2, 2020, Plaintiffs moved for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel (the "Motion for Class Certification") (Dkt. 83).

I.      On October 16, 2020, Defendants filed and served their Answer to the Second Amended Complaint (Dkt. 93).

J.      On October 30, 2020 Defendants filed a Motion for Reconsideration of the Court's August 24, 2020 Memorandum and Order; Motion for Sanctions; and Motion for Stay of Discovery (the "Motion for Reconsideration") (Dkt. 104), alleging that certain statements attributed to certain Confidential Witnesses ("CWs") in the Second Amended Complaint were false and made without those CWs' consent or knowledge.

K.      On November 10, 2020, the Court stayed all discovery and deadlines for class certification pending resolution of the Motion for Reconsideration and ordered limited discovery concerning the six CWs identified in the Second Amended Complaint.

- 3 -

L.      On December 15, 2020, Defendants filed a Supplemental Memorandum of Law and Report of Investigation in Support of Defendants' Motion for Reconsideration (Dkt. 116). On January 19, 2021, Plaintiffs opposed Defendants' Motion (Dkt. 127), and on February 9, 2021 Defendants filed their reply (Dkt. 137).

M.      On July 7, 2021, the Court issued an Opinion and Order denying Defendants' Motion for Reconsideration and lifting the discovery stay (Dkt. 155). On July 16, 2021, Defendants filed a Motion to Certify the Court's July 7, 2021 Opinion and Order for Interlocutory Appeal and to Stay Further Proceedings Pending Appeal ("Motion to Certify for Interlocutory Appeal") (Dkt. 151). On August 2, 2021, Plaintiffs opposed Defendants' Motion to Certify for Interlocutory Appeal (Dkt. 158), and on August 9, 2021, Defendants filed their reply (Dkt. 159).

N.      On August 9, 2021, the Parties filed a Revised [Proposed] Scheduling Order (Dkt. 160), which the Court ordered on September 7, 2021 (Dkt. 162), and the Parties re-started discovery in August 2021. Defendants produced over 185,000 documents totaling over 730,000 pages.

O.      Defendants opposed Plaintiffs' Motion for Class Certification on September 24, 2021 (Dkt. 169) and Plaintiffs filed their reply on December 10, 2021 (Dkt. 192).

P.      The Parties engaged in a confidential mediation before the Honorable Daniel Weinstein (Ret.) and Ambassador David Carden (the "Mediators"). Pursuant to a schedule set by the Mediators, the Parties exchanged mediation statements on February 8, 2022 and participated in two mediation sessions in California on February 16-17, 2022.

Q.      After negotiation throughout the mediation process, the Mediator issued a mediator's recommendation that the Action be settled for $24,000,000 (USD), which the Parties conditionally accepted.

- 4 -

R.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties in connection with the Settlement reached by the Parties.

S.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of its counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

T.      Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants believe that they are not liable for the claims asserted against them in the Action and that they have good and meritorious defenses to those claims. Each of the Defendants expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

- 5 -

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be fully, finally and forever settled, released, discharged and dismissed with prejudice upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action pending in the Southern District of New York court with the caption, *Moshell v. Sasol Limited, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman*, Case No. 1:20-cv-01008-JPC.

(b)      "Additional Plaintiff Representative" means Chad Lindsey Moshell.

(c)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of judgment provided for in this Stipulation.

(d)      "Authorized Claimant(s)" means a Settlement Class Member that timely submits a valid Claim Form to the Claims Administrator in accordance with the requirements established by the Court, and that is approved by the Claims Administrator for payment from the Net Settlement Fund.

(e)      "Claim Form(s)" or "Proof of Claim Form(s)" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

- 6 -

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in a distribution of the Net Settlement Fund.

(g)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Membersand to administer the Settlement.

(h)     "Complaint" or "Second Amended Complaint" means the Second Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Plaintiffs in the Action on September 11, 2020.

(i)     "Court" means the United States District Court for the Southern District of New York.

(j)     "Defendants" means Sasol and the Individual Defendants.

(k)     "Defendants' Counsel" means Weil, Gotshal & Manges LLP.

(l)     "Defendants' Releasees" means each and all of the following: (a) each and every Defendant and previously named defendant; (b) Defendants' respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, Immediate Family Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors ininterest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), reinsurers, bankers, consultants, attorneys, accountants, andauditors, in their respective capacities as such; and (c) any entity in which any Defendant has or had a controlling interest.

- 7 -

(m)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 36 of the Stipulation have been met, occurred or have been waived and the Stipulation shall become effective. Lead Counsel shall advise Defendants' Counsel and the Claims Administrator promptly after it has determined that it believes the Effective Date has occurred.

(n)     "Escrow Account" means an escrow account established, maintained, and controlled by the Escrow Agent into which Defendants shall deposit or cause to be deposited the Settlement Amount.

(o)     "Escrow Agent" means THE HUNTINGTON NATIONAL BANK.

(p)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q)     "Excluded Defendants' Claims" means (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

(r)     "Excluded Plaintiffs' Claims" means (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

(s)     "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding

on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider Final approval of the Settlement, Stipulation, and Lead Counsel's request for an award of attorneys' fees and Litigation Expenses.

(u)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman.

(w)     "Insurers" means the insurers that are paying the Settlement Amount as set forth herein.

(x)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)     "Lead Counsel" means the law firm of Hagens Berman Sobol Shapiro LLP.

(z)     "Lead Plaintiff" means David Cohn.

(aa)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees awarded by the Court; (iv) any Litigation Expenses awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Settlement Class Members.

(dd)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claim Form process, as well as the costs, fees, and expenses incurred in connection with the Escrow Agent.

(ee)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ff)    "Person(s)" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, government agency, political subdivision, or any business or legal entity.

- 10 -

(gg)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(hh)    "Plaintiffs' Releasees" means each and all of the following: (a) each and every Settlement Class Member (including, without limitation, Plaintiffs) and their respective counsel (including, without limitation, Plaintiff's Counsel); (b) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, general partners, limited partners, ImmediateFamily Members, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, members, agents, employees, managers, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, reinsurers, bankers, consultants, attorneys, accountants, and auditors of each and every Settlement Class Member and their respective counsel, in their respective capacities as such; and (c) any entity in which any Settlement Class Member or their respective counsel has or had a controlling interest.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that are based upon, arise out of, relate to, or concern the

institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include, settle or release any of the Excluded Defendants' Claims.

(mm)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) Plaintiffs or any other member of the Settlement Class asserted in the Second Amended Complaint or any prior complaint filed in this Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere), including any such claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements by Defendants during the Settlement Class Period, that arise out of or are based upon the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Second Amended Complaint or any prior complaint filed in this Action and (b) relate to the purchase or acquisition of Sasol Limited ADRs during the Settlement Class Period. Released Plaintiffs' Claims do not include, settle, or release any of the Excluded Plaintiffs' Claims.

(nn)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(oo)    "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

(pp)    "Sasol" or the "Company" means Sasol Limited.

- 12 -

(qq)     "<u>Settlement</u>" means the settlement memorialized herein between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(rr)     "<u>Settlement Amount</u>" means $24,000,000 (USD).

(ss)     "<u>Settlement Class</u>" means all persons and entities who purchased or otherwise acquired American Depository Receipts ("ADRs") of Sasol during the period from March 10, 2015 to January 13, 2020 (the "Settlement Class Period"), inclusive and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Sasol during the Settlement Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Sasol; (v) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Notwithstanding the foregoing, any Sasol employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim Form submitted on behalf of any Sasol employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(tt)     "<u>Settlement Class Distribution Order</u>" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(uu)     "<u>Settlement Class Member(s)</u>" means each person or entity who or which is a member of the Settlement Class.

- 13 -

(vv)    "Settlement Class Period" means the period from March 10, 2015 to January 13, 2020.

(ww)    "Settlement Fund" means the Settlement Amount plus any and all interest earned therein after it is deposited into the Escrow Account.

(xx)    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, which shall be substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(yy)    "Taxes" means any federal, state and/or local taxes of any kind due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(zz)    "Tax Expenses" means any reasonable expenses and costs incurred in connection with the payment of Taxes or the preparation of tax returns, including, without limitation, reasonable expenses of tax attorneys, accountants, and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns.

(aaa)    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all

- 14 -

provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by law and operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of Final approval of the Settlement, which motion shall be unopposed by Defendants provided that it is consistent with this Stipulation. Concurrently, with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      From the date of this Stipulation through the Effective Date of the Stipulation, Plaintiffs and Lead Counsel agree, other than for those matters necessary to implement and effectuate the Settlement itself: (a) not to take any steps to prosecute any of the Released Plaintiffs' Claims against any of the Defendants' Releasees; and (b) not to initiate or participate in any proceedings asserting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

- 15 -

## CAFA NOTICE

4.      Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"), no later than ten (10) business days after the Stipulation is filed with the Court, Defendants will serve proper notice of the proposed Settlement upon the appropriate representatives and, within three (3) business days thereafter, will provide written notification, by affidavit or declaration to Lead Counsel and the Court that they have done so. Defendants shall be responsible for all costs and expenses related to such notification.

## RELEASE OF CLAIMS

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their

- 16 -

capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

8.      Notwithstanding ¶¶ 6-7 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty-one (21) business days after the later of (a) the date of entry by the Court of an order preliminarily approving the Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

10.      The Parties intend the Settlement Amount to constitute complete restitution to Settlement Class Members for the settlement and release of the Released Plaintiffs' Claims against the Defendants' Releasees.  The Settlement Amount represents the entirety of the Defendants' Releasees' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses awarded to Plaintiffs' Counsel, Notice and

- 17 -

Administration Costs, Taxes, and Tax Expenses of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account by the Insurers in accordance with ¶ 9 above fully discharges the Defendants' Releasees' financial obligations under this Stipulation and in connection with the Settlement, meaning that no Defendants' Releasees shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member under this Stipulation or in connection with this Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants' Releasees under this Stipulation exceed the Settlement Amount.

## USE OF SETTLEMENT FUNDS

11.     The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. In no event shall the Defendants' Releasees bear any responsibility for any fees, costs, or expenses in connection with the Settlement or the Judgment beyond payment of the Settlement Amount. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-34 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any

- 18 -

account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions by the Escrow Agent.

13.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes or Tax Expenses. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation backelection," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.     All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

15.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the NetSettlement Fund.

16.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claim Forms), and the fees, if

- 20 -

any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

17.     The Defendants' Releasees and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax Expenses, other expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation. Lead Counsel and Defendants' Counsel shall bear their own Litigation Expenses.

19.     Any attorneys' fees that are awarded by the Court shall be paid to Lead Counsel within fifteen (15) days of the Court's Final approval of the Settlement and determination of Lead Counsel's fees, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs'

- 21 -

Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees has become Final. An award of attorneys' fees is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees.

20.     Other than Defendants' obligation to cause funding of the Settlement Amount, Plaintiffs, Lead Counsel, and the Settlement Class Members shall have no recourse against the Defendants' Releasees for the payment of any attorneys' fees or Litigation Expenses in connection with this Action.

21.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants and Defendants' Releasees take no position on Lead Counsel's request for attorneys' fees, and shall have no responsibility for, and no liability whatsoever with respect to the allocation or award of attorneys' fees that the Court may issue. The attorneys' fees that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

22.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claim Forms, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Sasol's obligation to provide its security lists as provided in ¶ 23 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claim Forms process, or disbursement of the Net Settlement Fund,and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

23.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purpose of providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Sasol shall use its best efforts to provide or cause to be provided tothe Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel orthe Claims Administrator) transfer and other records identifying potential Settlement Class Members.

- 23 -

24.     Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, to: Sasol Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, with a copy emailed to both Lead Counsel at steve@hbsslaw.com and lucasg@hbsslaw.com and Defendants' Counsel at caroline.zalka@weil.com and nicole.prunetti@weil.com, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Chad Lindsey Moshell, Individually and On Behalf of All Others Similarly Situated v. Sasol Limited, et al.*, Case No. 1:20-cv-01008-JPC"; (iii) state the number of Sasol ADRs that the person or entity requesting exclusion: (A) owned as of the opening of trading on March 10, 2015 and (B) purchased/acquired and/or sold during the period from March 10, 2015 through and including the close of trading on January 13, 2020, including the dates, number of shares, and prices of each purchase/acquisition and sale of Sasol ADRs during this period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional information or documentation sufficient to prove his, her, or its holdings and trading in Sasol ADRs.

- 24 -

25.     The Claims Administrator shall receive Claim Forms and determine first, whether the Claim Form is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim comparedto the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocationset forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

26.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in thisAction. Any orders or proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be approved by the Court) as well as any appeal therefrom (or appellate ruling)shall not: (a) operate to modify, terminate, or cancel this Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwisepermit any Person (including Plaintiffs and the other Settlement Class Members), or any of their counsel, to cancel, terminate, or withdraw from the Stipulation or the Settlement; and/or (f) affect or delaythe validity of the Settlement. Defendants and the other Defendants' Releasees shall not object inany way to the Plan of Allocation or any other plan of allocation in this Action provided that suchplan is consistent with this Stipulation.  No Defendant, nor any of the other Defendants' Releasees, shall

have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

27.     Any Settlement Class Member who or which does not submit a valid Claim Form will not be entitledto receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of theterms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form for payment by a Settlement Class Member. Notwithstanding the foregoing, Defendants and Defendants' Releasees may confidentially obtain copies of a Claimant's Claim Form ifnecessary to enforce any and all terms of the Settlement, which request shall be promptly complied with. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

29.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim Form in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with

- 26 -

the instructions for the submission of such Claim Forms, and supported by such documents as are designated therein, including proof of the Claimant's alleged loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the PreliminaryApproval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordancewith the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim Form shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies

- 27 -

in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim Form the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim Form is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)   If any Claimant whose Claim Form has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim Form was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review there of by the Court.  If a dispute concerning a Claim Form cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form, and the Claim Form will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim Form. No discovery shall be allowed on the merits, prosecution, or defense of this Action or of the Settlement in connection with the processing of Claim Forms.

31.   Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Settlement Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claim Forms submitted; (b) approving payment of any administration fees and expenses associated with the administration of

- 28 -

the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32. Payment pursuant to the Settlement Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claim Forms are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33. No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by theSettlement Fund, or any losses incurred in connection therewith.

34. All proceedings with respect to the administration, processing, and determination of Claim Forms and the determination of all controversies relating thereto, including disputed questionsof law and fact with respect to the validity of Claim Forms, shall be subject to the

- 29 -

jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION, OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above.

(b)     The Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above.

(c)     Sasol has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to the Supplemental Agreement described in ¶ 40 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered

- 30 -

an Alternate Judgment and neither Plaintiffs nor Sasol seek to terminate the Settlement and the Alternate Judgment has become Final.

37.     Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.     If (i) Sasol exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

            (a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

            (b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of this Stipulation, with a case schedule to be negotiated.

            (c)     The terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 16, 19, 42-43, and 62-63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

            (d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 19 above), less any

- 31 -

Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent directly to the Insurers in proportion to their contributions to the Settlement Amount as directed by Defendants' Counsel.  In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent directly to the Insurers in proportion to their contributions to the Settlement Amount as directed by Defendants' Counsel, immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.

39.     It is further stipulated and agreed that Plaintiffs and Sasol shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 38 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for an award of attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement

40.     In addition to the grounds set forth in ¶ 39 above, Sasol shall have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Sasol's confidential supplemental agreement withPlaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and as similarly set forth in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and Sasol concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

41.     In addition to the grounds set forth in ¶ 39 above, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 9 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

42.     Defendants expressly deny any liability with respect to the matters alleged in the Second Amended Complaint. Defendants have denied and continue to deny, *inter alia*, that Plaintiffs and Settlement Class Members have suffered any damages alleged in the Complaint; that the price of Sasol ADRs was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; that Defendants made any alleged material misrepresentation or omission; or that the alleged harm suffered by Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded

- 33 -

that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

43.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or

- 34 -

wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

44.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

45.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and

- 35 -

any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuantto this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable,shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 38 above and any cash amounts in the Settlement Fund (less any Taxes paid, due,or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 38 above.

46.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. In connection with the Settlement, no Party will assert any violation of Rule 11 relating to the litigation of this Action, including, but not limited to, the institution, prosecution, defense, or settlement of the Action. No Party will object to any finding by the Court in the Judgment or otherwise that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action. No Party shall be required to take a position as to whether another Party has complied with Rule 11 of the Federal Rules of Civil Procedure as a condition of this Settlement or the Judgment or Alternate Judgment. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Honorable Daniel Weinstein (Ret.) and Ambassador David Carden and reflect the Settlement that

was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

47.     Defendants and Defendants' Counsel retain the right to deny that the claims asserted in the Action were meritorious. Plaintiffs and Plaintiffs' Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged, to the media or otherwise.

48.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

49.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

51.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

53.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

54.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

55.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

- 38 -

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final approval by the Court of the Settlement.

60.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:          Hagens Berman Sobol Shapiro LLP

                                           Attn: Lucas E. Gilmore, Esq.
                                           715 Hearst Avenue, Suite 202
                                           Berkeley, CA 94710
                                           Tel: (510) 725-3000
                                           Fax: (510) 725-3001
                                           Email: lucasg@hbsslaw.com

If to Defendants or Defendants' Counsel:   Weil, Gotshal & Manges LLP
                                           Attn. Caroline H. Zalka, Esq. and
                                                Nicole E. Prunetti, Esq.
                                           767 Fifth Avenue
                                           New York, NY 10153
                                           Tel: (212) 310-8000
                                           Fax: (212) 310-8007
                                           Email: caroline.zalka@weil.com
                                                nicole.prunetti@weil.com

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

- 39 -

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

63.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

65.     In accordance with the Confidentiality Stipulation and Protective Order (Dkt. 80), all Discovery Material designated as "Confidential" (as defined in the Confidentiality Stipulation and Protective Order), and all copies thereof, shall be (i) returned to the producing party or (ii) destroyed, and written confirmation thereof provided to the producing party, within thirty (30) days of the execution of the Preliminary Approval Order.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 1, 2022.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *Pro Hac Vice*)
Jerrod C. Patterson (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com

Lucas E. Gilmore (admitted *Pro Hac Vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff David Cohn and
Additional Plaintiff Representative Chad L.
Moshell*

**WEIL, GOTSHAL & MANGES, LLP**

Jonathan D. Polkes
Caroline H. Zalka
Luna N. Barrington
Nicole E. Prunetti
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
jonathan.polkes@weil.com
caroline.zalka@weil.com
luna.barrington@weil.com
nicole.prunetti@weil.com

*Attorneys for Defendants Sasol Limited,
David Edward Constable, Bongani
Nqwababa, Stephen Cornell, Paul Victor,
and Stephan Schoeman*

- 41 -