# EXHIBIT A-1

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, <br><br> Defendants. | C.A. No. 1:20-cv-01008-JPC <br><br> Hon. John P. Cronan |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased the publicly traded American Depository Receipts ("ADRs") of Sasol Limited ("Sasol") from March 10, 2015 through January 13, 2020, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide twenty-four million dollars ($24,000,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Sasol ADRs during the Settlement Class Period ("Settlement Class Members").

- The Settlement represents an estimated average recovery of $.68 per alleged damaged share for the approximately 35.5 million alleged damaged shares of Sasol ADRs during the Settlement Class Period as estimated by Lead Plaintiff's damages expert. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Sasol ADRs, and the total number of claims filed. Attorneys for Lead Plaintiff ("Lead Counsel") will ask the Court to award them fees of up to twenty-two percent (22%) or $5,280,000 of the Settlement Amount plus interest; reimbursement of no more than $600,000 in litigation expenses; and an award to Lead Plaintiff not to exceed $20,000 and an award to the Additional Plaintiff Representative not to exceed $15,000. If approved by the Court, these amounts (totaling an average of $.17 per damaged shares of Sasol ADRs) will be paid from the Settlement Fund.

- 1 -

**EXHIBIT A-1**

• The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $.51 per damaged share of Sasol ADRs. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Sasol ADRs, the purchase and sales prices, and the total number and amount of claims filed.

• The Settlement resolves the Action concerning whether Sasol and certain of its current and former officers and directors, David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman, (collectively "Defendants" or the "Released Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Lead Plaintiff. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiff or the Settlement Class Members have suffered damages or that Lead Plaintiff or the Settlement Class Members were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

• Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____**.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Releasees about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by _____ for the hearing on _____. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |

010886-11/1861093 V1

EXHIBIT A-1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Sasol Limited Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>info@strategicclaims.net | **OR** | Lucas Gilmore<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Heart Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Fax: (510) 725-3001<br>lucasg@hbsslaw.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated April 1, 2022 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have acquired Sasol ADRs listed on United States stock exchanges between March 10, 2015 through January 13, 2020, both dates inclusive.

**2.      What is this lawsuit about?**

The case is known as *Moshell v. Sasol Limited, et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.) (the "Action"). The Court in charge of the Action is the United States District Court for the Southern District of New York.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of the projected cost and schedule of Sasol's Lake Charles Chemicals Project ("LCCP") in Lake Charles, Louisiana. The Second Amended Complaint ("Complaint") alleges that the misstatements or omissions artificially inflated the price of Sasol's stock, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Releasees, or of any infirmity of any defense,

010886-11/1861093 V1

or of any damages to the Lead Plaintiff or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

## 3.    Why is this a class action?

In a class action, one or more Persons and/or entities, called plaintiffs, sue on behalf of all Persons and/or entities who have similar claims. All of these Persons and/or entities are referred to collectively as a class, and these individual Persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

## 4.    Why is there a Settlement?

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations and the Released Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which Lead Plaintiff and Defendants disagree include, but are not limited to: (1) whether the Complaint alleges statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Complaint alleges that the Released Defendants acted with scienter; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of Sasol's ADRs; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or the Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiff were to win at trial, and also prevail on any on appeal, Lead Plaintiff might not be able to collect some, or all, of any judgment he is awarded. Moreover, while litigation of this type is usually expensive, even if Lead Plaintiff's allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## 5.    How do I know if I am part of the Settlement?

The Settlement Class consists of those Persons, other than Defendants, who purchased Sasol ADRs listed on United States stock exchanges from March 10, 2015 to January 13, 2020, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any Person who was an Officer or director of Sasol during the Settlement Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Sasol; (v) any firm, trust, corporation, or other entity in which any excluded Person or entity has, or had during the Settlement Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person or entity.

**6.      Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any Person who was an Officer or director of Sasol during the Settlement Class Period and his or her Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Sasol; (v) any firm, trust, corporation, or other entity in which any excluded Person or entity has, or had during the Settlement Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person or entity.

**7.      I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/sasol/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.      What does the Settlement provide?**

> **a.      What is the Settlement Fund?**

The proposed Settlement provides for Defendants to pay Twenty-Four Million dollars ($24,000,000) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Lead Plaintiff. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

> **b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Class Members; (ii) the dates you purchased and sold Sasol ADRs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses, and to the Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss" and the proposed allocation of the Net Settlement Fund to specific time frames within the Settlement Class Period.  The Plan of Allocation is the basis upon which the Net Settlement Fund will be allocated to the Settlement Class Members with valid claims ("Authorized Claimants").

010886-11/1861093 V1

EXHIBIT A-1

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation does not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/sasol/.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund pursuant to the Plan of Allocation. The Recognized Loss formula and the proposed allocation of the Net Settlement Fund to specific time frames within the Settlement Class Period, as set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial.  Payments to valid Settlement Class Members pursuant to the Plan of Allocation shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to Public Justice, P.C..

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

(I)     Recognized Loss for Sasol ADRs purchased during the Settlement Class Period will be calculated as follows:

(A)     For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

- 6 -

010886-11/1861093 V1

(B)    For shares purchased during the Settlement Class Period <u>and retained as of the close of trading on April 13, 2020</u>[1], the Recognized Loss will be the *lesser* of (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $10.20[2] per share.

(C)    For shares purchased during the Settlement Class Period <u>and sold on January 14, 2020,</u> the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the $.74 inflation per share; or (2) the purchase price per share minus selling price per share.

(D)    For shares purchased during the Settlement Class Period <u>and sold during the period January 15, 2020 through April 13, 2020,</u> inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

| INFLATION TABLE A | |
|---|---|
| ADRs Purchased During the Settlement Class Period | |
| **Period** | **Inflation** |
| March 10, 2015 to June 5, 2016, inclusive | $13.41 per share |
| June 6, 2016 to February 7, 2019, inclusive | $8.97 per share |
| February 8, 2019 to May 21, 2019, inclusive | $8.04 per share |
| May 22, 2019 | $4.73 per share |
| May 23, 2019 to July 24, 2019, inclusive | $4.00 per share |
| July 25, 2019 to August 15, 2019, inclusive | $2.74 per share |
| August 16, 2019 to January 13, 2020, inclusive | $1.91 per share |
| January 14, 2020 | $ .74 per share |

---

[1] This is the last day of the 90-day look back period.

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $10.20 per share was the mean (average) daily closing trading price of Sasol ADRs during the 90-day period beginning on January 15, 2020 and ending on April 13, 2020, inclusive.

010886-11/1861093 V1

**EXHIBIT A-1**

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 1/15/2020 | $19.99 | $19.99 | 3/2/2020 | $12.45 | $15.92 |
| 1/16/2020 | $19.42 | $19.71 | 3/3/2020 | $12.07 | $15.80 |
| 1/17/2020 | $18.93 | $19.45 | 3/4/2020 | $12.15 | $15.69 |
| 1/21/2020 | $18.67 | $19.25 | 3/5/2020 | $10.56 | $15.55 |
| 1/22/2020 | $18.51 | $19.10 | 3/6/2020 | $9.84 | $15.39 |
| 1/23/2020 | $18.01 | $18.92 | 3/9/2020 | $5.31 | $15.12 |
| 1/24/2020 | $18.21 | $18.82 | 3/10/2020 | $4.67 | $14.84 |
| 1/27/2020 | $17.22 | $18.62 | 3/11/2020 | $3.46 | $14.55 |
| 1/28/2020 | $17.37 | $18.48 | 3/12/2020 | $2.74 | $14.25 |
| 1/29/2020 | $17.51 | $18.38 | 3/13/2020 | $3.45 | $13.99 |
| 1/30/2020 | $17.37 | $18.29 | 3/16/2020 | $2.97 | $13.73 |
| 1/31/2020 | $15.77 | $18.08 | 3/17/2020 | $2.50 | $13.47 |
| 2/3/2020 | $15.69 | $17.90 | 3/18/2020 | $2.28 | $13.21 |
| 2/4/2020 | $15.79 | $17.75 | 3/19/2020 | $1.85 | $12.96 |
| 2/5/2020 | $16.64 | $17.67 | 3/20/2020 | $1.61 | $12.71 |
| 2/6/2020 | $16.10 | $17.57 | 3/23/2020 | $1.34 | $12.47 |
| 2/7/2020 | $15.34 | $17.44 | 3/24/2020 | $1.57 | $12.24 |
| 2/10/2020 | $14.77 | $17.29 | 3/25/2020 | $1.62 | $12.03 |
| 2/11/2020 | $15.34 | $17.19 | 3/26/2020 | $2.09 | $11.83 |
| 2/12/2020 | $16.06 | $17.14 | 3/27/2020 | $1.92 | $11.63 |
| 2/13/2020 | $15.73 | $17.07 | 3/30/2020 | $1.95 | $11.45 |
| 2/14/2020 | $15.73 | $17.01 | 3/31/2020 | $2.01 | $11.27 |
| 2/18/2020 | $15.00 | $16.92 | 4/1/2020 | $1.89 | $11.10 |
| 2/19/2020 | $14.91 | $16.84 | 4/2/2020 | $2.21 | $10.93 |
| 2/20/2020 | $14.81 | $16.76 | 4/3/2020 | $2.18 | $10.78 |
| 2/21/2020 | $14.25 | $16.66 | 4/6/2020 | $2.54 | $10.63 |
| 2/24/2020 | $13.48 | $16.54 | 4/7/2020 | $4.04 | $10.52 |
| 2/25/2020 | $13.02 | $16.42 | 4/8/2020 | $4.06 | $10.41 |
| 2/26/2020 | $12.71 | $16.29 | 4/9/2020 | $3.88 | $10.30 |
| 2/27/2020 | $12.20 | $16.15 | 4/13/2020 | $3.97 | $10.20 |
| 2/28/2020 | $12.35 | $16.03 | | | |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of

- 8 -

Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions, and sales of the Company's ADRs during the period from March 10, 2015 through and including April 13, 2020.

Based on the nature of the claims and defenses, evidence uncovered, and the Parties mediation presentations, the Parties propose an allocation of the Net Settlement Fund to five purchasing time frames within the Settlement Class Period as follows: (i) 4% for the period March 10, 2015 to September 6, 2015, inclusive; (ii) 23% for the period September 7, 2015 to June 5, 2016, inclusive; (iii) 25% for the period June 6, 2016 to February 26, 2017, inclusive; (iv) 44% for the period February 27, 2017 to August 15, 2019, inclusive; and (v) 4% for the period August 16, 2019 to January 13, 2020, inclusive.

Payment pursuant to the Plan of Allocation approved by the Court will be conclusive against all Authorized Claimants. No Person will have any claim against Defendants, Defendants' Counsel, Lead Plaintiff, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant will be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim and Release Form. All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### 9.      How can I get a payment?

To qualify for a payment, you should fill out a form online at www.strategicclaims.net/sasol/ by 11:59 p.m. on _____.  You must send in a form entitled "Proof of Claim and Release Form" in order to participate in the settlement. If you are unable to fill out a form online, the Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/sasol/. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with      all      documentation requested in the form, **postmarked no later than _____, 2022**, to:

<div align="center">

Sasol Limited Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

</div>

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

Please note that if you choose to mail a form, you will need to manually enter each transaction.

<div align="center">- 9 -</div>

**Typically, most class members submit electronic claims. Submitting a claim by mail significantly increases the time necessary to process the claim, which both delays payments to all Settlement Class Members and reduces the amount of money that can be distributed to Settlement Class Members**.

**10.     What am I giving up to get a payment or stay in the Class**

Unless you exclude yourself from the Settlement Class by the _____ deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Releasees if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Releasees any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Sasol ADRs during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Sasol ADRs during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Releasees on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement Class. To exclude yourself from the Settlement Class, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Moshell v. Sasol Limited, et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.)", and (B) states the date, number of shares and dollar amount of each Sasol securities purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of Sasol ADRs held by you as of March 10, 2015 and January 13, 2020 In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Sasol ADRs during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of Sasol ADRs. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 2022**, to the Claims Administrator at the following address:

<div align="center">

Sasol Limited Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

</div>

with a copy emailed to both Lead Counsel at steve@hbsslaw.com and lucasg@hbsslaw.com and Defendants' Counsel at caroline.zalka@weil.com and nicole.prunetti@weil.com.

<div align="center">- 10 -</div>

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

### 12.    If I do not exclude myself, can I sue Defendants or the other Releasees for the same thing later?

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Releasees for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

### 13.    Do I have a lawyer in this case?

The Court appointed Hagens Berman Sobol Shapiro LLP, as Lead Counsel, to the Class ("Lead Counsel"), to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Lead Counsel is provided below.

### 14.    How will the lawyers be paid?

Lead Counsel has spent considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Final Approval Hearing to make an award of attorneys' fees in an amount not to exceed twenty-two percent (22%) or $5,280,000 plus interest of the Settlement Amount; reimbursement of litigation expenses of no more than $600,000 and an award to Lead Plaintiff not to exceed $20,000 and an award to the Additional Plaintiff Representative not to exceed $15,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

### 15.    How do I tell the Court that I do not like the Settlement?

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiff, or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Moshell v. Sasol Limited, et al.,* No. 1:20-cv-01008-JPC (S.D.N.Y.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Sasol ADRs during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any,

- 11 -

who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ , 2022**:

| Clerk of the Court United States District Court Southern District of New York Courtroom 12D 500 Pearl St. New York, NY 10007 | *Counsel for Lead Plaintiff:* Lucas Gilmore HAGENS BERMAN SOBOL SHAPIRO LLP Reed Kathrein 715 Heart Avenue, Suite 202 Berkeley, CA 94710 | *Counsel for Defendant Sasol:* Weil, Gotshal & Manges LLP Attn. Caroline H. Zalka, Esq. and Nicole E. Prunetti, Esq. 767 Fifth Avenue New York, NY 10153 |
|---|---|---|

### 16.    What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

### 17.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on _____ __, 2022, at __:__ _a.m._, at the United States District Court, Southern District of New York, United States Courthouse, Courtroom 12D, 500 Pearl Street, New York, NY 10007. The Court has reserved the right to hold the Final Approval Hearing telephonically or by videoconference.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Lead Plaintiff.

### 18.    Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

010886-11/1861093 V1

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Releasees about the Released Claims (as defined in the Stipulation) ever again.

<div align="center">

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

</div>

If, between March 10, 2015, and January 13, 2020, inclusive, you purchased or otherwise acquired Sasol ADRs for the beneficial interest of a Person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address (to the extent known) of each Person or organization for whom or which you purchased such Sasol ADRs during such time period or (b) request additional copies of this Notice and the Proof of Claim and Release Form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim and Release Form directly to the beneficial owners of the Sasol ADRs or (c) request a link of the Notice and Proof of Claim and Release Form, which will be provided to you free of charge, and within ten (10) days email the link to the beneficial owners. If you choose to follow alternative procedure (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing/emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 per Notice and Proof of Claim and Release Form plus postage at the current pre-sort rate used by the Claims Administrator if you decide to notify the beneficial owners directly; $.05 per Notice Proof of Claim and Release transmitted by email; and $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed above.

DATED: _____, 2022

<div style="margin-left:50%">

BY ORDER OF THE UNITED STATES DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

HON. JOHN P. CRONAN

</div>

- 13 -

010886-11/1861093 V1