UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-v-<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>Defendants. | C.A. No. 1:20-cv-01008-JPC<br><br>Hon. John P. Cronan |

**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR**
**<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

WHEREAS, Lead Plaintiff David Cohn ("Lead Plaintiff") and Additional Plaintiff Representative Chad Lindsey Moshell (together with Lead Plaintiff, "Plaintiffs") on behalf of themselves and members of the Settlement Class, and Defendant Sasol Limited ("Sasol" or the "Company") and Defendants David Edward Constable, Bongani Nqwababa, Stephen Cornell, Paul Victor, and Stephan Schoeman (each an "Individual Defendant" and together with Sasol, "Defendants" or the "Released Defendants"), have entered into the Stipulation and Agreement of Settlement, dated April 1, 2022 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled, *Moshell v. Sasol Limited, et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for

- 1 -

entering this Order; and Plaintiffs and Defendants (the "Settling Parties") having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 18th day of April, 2022, that:

1. Unless otherwise stated herein, capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons or entities who purchased or otherwise acquired publicly traded American Depository Receipts ("ADRs") of Sasol during the period from March 10, 2015, to January 13, 2020, inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) the Immediate Family Members of the Individual Defendants, (iii) any Person who was an officer or director of Sasol during the Settlement Class Period and his or her Immediate Family Members, (iv) any parent, subsidiary, or affiliate of Sasol, (v) any firm, trust, corporation, or other entity in which any excluded Person or entity has or had during the Settlement Class Period, a controlling interest, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person or entity. Notwithstanding the foregoing, any Sasol employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim Form submitted on behalf of any Sasol employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded Persons or entities. Also excluded from the Settlement Class are any Persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel, previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

5. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Final Approval Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on August 18, 2022 at 9:30 a.m. in Courtroom 12D, 500 Pearl Street, New York, New York, 10007 for the following purposes:

010886-11/1861090 V1

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Final Judgment, or Alternate Judgment, as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasees of the Released Claims against Releasees, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Releasees, as also set forth in the Stipulation;

(d) to determine finally whether the proposed Plan of Allocation (as set forth in the Notice substantially in the form attached as Exhibit A-1 of the Stipulation) for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Lead Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representative;

(f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Final Approval Hearing; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim Form, all of which are exhibits to the Stipulation.

8. Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10. Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim Form, substantially in the forms annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator.

11. Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000 (One Hundred Fifty Thousand Dollars) from the Settlement Fund both before and after the Effective Date to pay administrative costs.

12. The Company shall make efforts to assist Lead Counsel in obtaining information concerning the identity of Settlement Class Members as set forth in the Stipulation. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

13. Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Sasol ADRs during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within

010886-11/1861090 V1

ten (10) calendar days of receipt of the Notice and Proof of Claim Form, either: (i) request additional copies of the Notice and Proof of Claim Form sufficient to send the Notice and Proof of Claim Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to a maximum of $0.10 per Notice and Proof of Claim Form plus postage for the current pre-sort rate used by the Claims Administrator if it is decided to notify the beneficial owners directly; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; or up to $.05 per email address sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

14. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Notice and Proof of Claim Form as required by this Order.

15.  Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within twenty-eight (28) calendar days after entry of this Order.

16.  Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-eight (28) calendar days after the entry of this Order. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

17.  The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18.  In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)  The Settlement Class Member must complete, execute, and submit a Proof of Claim electronically on the website set up by the Claims Administrator no later than 11:59 PM forty-four (44) calendar days prior to the Final Approval Hearing. The Settlement Class Member

may instead elect to manually mail a completed and executed Proof of Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than July 5, 2022 (forty-four (44) calendar days prior to the Final Approval Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the Person executing the Proof of Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim Form; and (iv) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim Form, it shall determine whether such claim is valid, deficient or rejected. For each claim

determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim Forms, nor shall any discovery from or of Defendants be allowed on any topic.

19. All Settlement Class Members who do not submit valid and timely Proof of Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, or Alternate Judgment, if entered.

20. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class

mail, postage prepaid, or otherwise deliver it, so that it is received no later than July 28, 2022 (twenty-one (21) calendar days prior to the Final Approval Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Moshell v. Sasol Limited,. et al.*, No. 1:20-cv-01008-JPC (S.D.N.Y.)" and (B) state the date, number of shares and dollar amount of each Sasol ADR purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of Sasol ADRs held by the Person as of March 10, 2015 to January 13, 2020, both dates inclusive. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Sasol ADRs during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Sasol ADRs. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

010886-11/1861090 V1

22. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

23. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

24. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided, however,</u> that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, Alternate Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Final Approval Hearing Date:

<u>LEAD COUNSEL</u>:

    HAGENS BERMAN SOBOL SHAPIRO LLP
    Attn. Lucas E. Gilmore, Esq.
    715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
    Tel: (510) 725-3000
    Fax: (510) 725-3001
    Email: lucasg@hbsslaw.com

<u>COUNSEL FOR DEFENDANTS</u>:

    WEIL, GOTSHAL & MANGES LLP
    Attn. Caroline H. Zalka, Esq. and
    Nicole E. Prunetti, Esq.
    767 Fifth Avenue
    New York, NY 10153
    Tel: (212) 310-8000
    Fax: (212) 310-8007
    Email: caroline.zalka@weil.com

nicole.prunetti@weil.com

and that Person has (at least twenty-one (21) calendar days prior to the Final Approval Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, Courtroom 12D, 500 Pearl Street, New York, New York, 10007. To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Sasol ADRs during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

010886-11/1861090 V1

25. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment (or Alternate Judgment) to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

26. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Final Approval Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

28. Defendants, Defendants' Counsel, the Insurers and other Defendants' Releasees shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29. Pending final determination of whether the Settlement should be approved, all Releasees shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Releasees in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the

Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

30. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

31. Neither the Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, Defendants' Counsel, the Insurers or any of the other Defendants' Releasees of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representative or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representative of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

32. If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Releasees, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed immediately prior to the date of the execution of the Stipulation.

33. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members other than entry of an Order on the Court's docket, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. **The Court further reserves the right to hold the final approval hearing telephonically or by videoconference.** The Court further reserves the right and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment (or Alternate Judgment), the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: April 18, 2022
New York, NY

_____
HON. JOHN P. CRONAN

If Plaintiffs wish the Court to separately so-order Dkt. 203, Exhs. A-1, A-2, or A-3, they shall file completed versions of said exhibits.