**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, <br><br> Defendants. | Case No. 1:20-cv-01008-JPC <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF:** <br> **(1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION;** <br> **(2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS; AND** <br> **(3) PLAINTIFFS' AND LEAD COUNSEL'S REQUEST TO INCREASE COST ALLOWANCE FOR ADMINISTRATION OF THE SETTLEMENT** |

010886-11/1978011 V1

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     THE SETTLEMENT CLASS'S POSITIVE REACTION PROVIDES
        ADDITIONAL SUPPORT FOR APPROVAL OF THE FINAL APPROVAL
        MOTIONS ......................................................................................................................4

III.    THE COST ALLOWANCE FOR ADMINISTRATION OF THE
        SETTLEMENT SHOULD BE INCREASED ....................................................................6

IV.     CONCLUSION..............................................................................................................7

010886-11/1978011 V1

TABLE OF AUTHORITIES

**Page(s)**

CASES

*Asare v. Change Grp. of N.Y., Inc.*,
    2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013)............................................................................5

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v.
    Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)....................................................................4

*Oklahoma Firefighters Pens. & Ret. Sys. v. Lexmark Int'l, Inc.*,
    2021 WL 76328 (S.D.N.Y. Jan. 7, 2021) ..................................................................................5

*Vaccaro v. New Source Energy Partners L.P.*,
    2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ...........................................................................5

*In re Vecco Instruments Inc. Sec. Litig.*,
    2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)..............................................................................5

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    2018 WL 6333657 (S.D.N.Y. Sept. 9, 2015)..............................................................................5

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005)..........................................................................................................5

OTHER AUTHORITIES

*Marchand v. Momo Inc., et al.*, No. 1:19-cv-04433, ECF Nos. 71, 77-1 (S.D.N.Y.
    2021) ...........................................................................................................................................6

010886-11/1978011 V1

Lead Plaintiff David Cohn ("Lead Plaintiff") and Additional Representative Plaintiff Chad L. Moshell (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, submit this Reply Memorandum of Law in further support of (1) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (collectively, the "Final Approval Motions"). *See* ECF Nos. 210–214.

Plaintiffs and Lead Counsel also submit this brief in support of their request that the Court increase the $150,000 initial cost allowance for the Claims Administrator to administer the Settlement (*see* ECF No. 204 at p. 5, ¶ 11) to $250,000 to permit the Claims Administrator, Strategic Claims Services, to complete the claims administration process.[1]

## I.    PRELIMINARY STATEMENT

As detailed in Plaintiffs' and Lead Counsel's opening papers in support of the Final Approval Motions, the proposed Settlement—providing a $24 million cash payment in exchange for the resolution of all claims asserted in the Action—is an excellent result for the Settlement Class. As discussed more fully in the Final Approval Motions, the Settlement is the culmination of complex litigation that presented significant risks and complexities to obtaining *any* recovery for the Settlement Class. The Settlement was reached only after extensive and skilled negotiations between informed counsel and only after analysis of complicated issues concerning the PSLRA's safe harbor provisions, scienter, loss causation, and damages. Indeed, the Settlement is a particularly favorable result when considered in light of the obstacles and circumstances of this complex securities fraud case.

---

[1] Capitalized terms have the meanings contained in the Stipulation and Agreement of Settlement dated April 1, 2022 (the "Stipulation") (ECF No. 203-1), or in the Final Approval Motions (ECF Nos. 210–214).

- 1 -

Under the proposed Plan of Allocation, the proceeds of the Settlement will be distributed fairly to Settlement Class Members. Likewise, Lead Counsel's request for attorneys' fees and Litigation Expenses is fair and reasonable, especially considering the result achieved for the Settlement Class, the caliber of work performed, and the risks and financial burden of continued litigation.

Given the quality of the Settlement, it is no surprise that the Settlement Class's response to the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses has been overwhelmingly positive. In accordance with the Court's Preliminary Approval Order (ECF No. 204), the Court-authorized Claims Administrator, Strategic Claims Services ("SCS"), conducted an extensive notice campaign, including mailing and emailing the Notice to over 89,100 potential Settlement Class Members and nominees.[2] SCS also published the Summary Notice in *Investor's Business Daily* and transmitted it over *GlobeNewswire* on May 16, 2022 (*see* Initial Craig Decl. at ¶ 10); and posted relevant information and documents concerning the Settlement on the website for the Action (*see* Suppl. Craig Decl. at ¶ 4; Initial Craig Decl. at ¶ 12).[3] SCS also maintains a toll-free telephone line to respond to inquiries about the Settlement from potential Settlement Class Members. *See* Suppl. Craig Decl. at ¶ 3. Additionally, notice of the Settlement

---

[2] *See* Supplemental Declaration of Margery Craig Concerning (a) Mailing of the Notice and Claim Form; (b) Report on Requests for Exclusion and Objections; and (c) Status on Claims Forms Filed ("Suppl. Craig Decl.") at ¶ 2, attached as Exhibit 1 to the Declaration of Steve W. Berman in support of Reply Memorandum of Law in support of (1) Plaintiffs' Motion For Final Approval of Settlement and Plan of Allocation; (2) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs; and (3) Plaintiffs' and Lead Counsel's Request to Increase Cost Allowance for Administration of the Settlement submitted herewith ("Berman Reply Decl."); *see also* Declaration of Margery Craig Concerning (a) Mailing of the Notice and Claim Form; (b) Publication of the Summary Notice; and (c) Report on Requests for Exclusion and Objections, filed as Exhibit. 3 to the Declaration of Steve W. Berman in support of the Final Approval Motions on July 21, 2022 ("Initial Craig Decl.") (ECF No. 214-3).

[3] http://www.strategicclaims.net/sasol/.

was also provided by Sasol to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (2005). *See* ECF Nos. 206–207. The foregoing notice efforts have informed Settlement Class Members of the Settlement, the Plan of Allocation, and the requested fees and Litigation Expenses, as well as Settlement Class Members' options in connection with the Settlement and the deadline for submitting objections. *See* Suppl. Craig Decl. at ¶¶ 5-6.

Following this robust notice campaign, ***no requests for exclusion and no objections*** to the Settlement or the requested attorneys' fees and Litigation Expenses have been received. *See* Suppl. Craig Decl. at ¶¶ 5-6. The lack of any objections to the Settlement at this stage is highly persuasive of the Settlement Class's positive reaction to the Settlement. Further, to date, SCS has received 46,669 claims, representing approximately $97,117,484 in Recognized Losses under the Plan of Allocation.[4] Suppl. Craig Decl. at ¶ 7.

Lastly, in light of the Settlement Class's positive responses and voluminous claim submission, Plaintiffs and Lead Counsel respectfully request that the Court increase by $100,000 the initial $150,000 cost allowance for the Claims Administrator to administer the Settlement. *See* ECF No. 204 at p. 5, ¶ 11. To date, the Claims Administrator has incurred costs of approximately $150,000 and has been paid $128,788.93 in administrating the Settlement (Suppl. Craig Decl. at ¶ 9). Based on the nearly 47,000 claims received, 31,115 of which have been determined to be valid (*see id.* at ¶ 7), the Claims Administrator estimates expending an additional $100,000 in costs in completing the claims process. *See id.* at ¶ 9. Plaintiffs and Lead Counsel submit the $250,000 cost

---

[4] The Recognized Loss figure is a preliminary estimate of the total recognized losses to date. The figure does not include any adjustments as a result of SCS's quality assurance process, which includes the results of the cure/rejection process. Suppl. Craig Decl. at ¶ 7.

estimate is reasonable given the size of the Settlement Class, the number of claims submitted, and the fact that the $250,000 cost estimate represents a mere 1% of the Settlement Amount.

## II.    THE SETTLEMENT CLASS'S POSITIVE REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE FINAL APPROVAL MOTIONS

The Settlement Class's positive reaction to the Settlement further indicates that the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and Litigation Expenses are fair and reasonable and should be approved.

Plaintiffs and Lead Counsel demonstrated in the Final Approval Motions that the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses are fair and reasonable and, therefore, warrant the Court's approval. Under the Court's Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 204), the deadline for Settlement Class Members to request exclusion from and/or object to any part of the Settlement was July 28, 2022. *Id.* at ¶¶ 20, 24; *see also* Suppl. Craig Decl. at ¶¶ 5-6. That deadline has passed and no requests for exclusion or objections have been received by the Settling Parties or filed with the Court. Suppl. Craig Decl. at ¶¶ 5-6. The Final Approval Motions also remain unopposed.

The Second Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).[5] Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry"

---

[5] Unless otherwise noted, all internal quotation marks, citations, and other punctuation are omitted, and all emphasis is added.

- 4 -

into the fairness and adequacy of the Settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id.* at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.").

Here, the absence of *any* objections or requests for exclusion from the Settlement by Settlement Class Members strongly favors approval. *See Oklahoma Firefighters Pens. & Ret. Sys. v. Lexmark Int'l, Inc.*, 2021 WL 76328, at *2 (S.D.N.Y. Jan. 7, 2021) (absence of objections "strongly favors approval"); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Sept. 9, 2015) ("the absence of objections may itself be taken as evidencing the fairness of the settlement"). Likewise, the positive reaction of the Settlement Class supports approval of the Plan of Allocation.

Lastly, the positive reaction of the Settlement Class to Lead Counsel's request for attorneys' fees and Litigation Expenses should be considered. *See In re Vecco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request is "entitled to great weight" by the Court). Here, the lack of *any* objections is strong evidence that the requested fees and Litigation Expenses are reasonable. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Asare v. Change Grp. of N.Y., Inc.*, 2013 WL 6144764, at *16 (S.D.N.Y. Nov. 18, 2013) ("not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award"); *Veeco*, 2007 WL 4115808, at *10 (the absence of any objection "suggests that the fee request is fair and reasonable").

In sum, the overwhelmingly favorable reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the fee and expense request.

010886-11/1978011 V1

### III.    THE COST ALLOWANCE FOR ADMINISTRATION OF THE SETTLEMENT SHOULD BE INCREASED

Finally, Plaintiffs and Lead Counsel respectfully request that the $150,000 cost allowance for the Claims Administrator to administer the Settlement be increased by $100,000 to permit SCS to complete the claims administration process.

Already, the Claims Administrator has incurred costs of approximately $150,000 in carrying out, among other settlement administrator activities, (i) consulting on the Plan of Allocation; (ii) incurring broker charges to obtain the identity of potential Settlement Class Members; (iii) printing, mailing, labeling, and postage for approximately 80,000 notices and 10,000 emails; (iii) establishing and servicing phone and website settlement inquiries; and (iv) analyzing and determining the validity of claims. *See* Suppl. Craig Decl. at ¶¶ 2-4, 7-9. The Claims Administrator estimates incurring up to $100,000 more in completing the claims administration process, which will largely include the distribution charges and additional labor for quality assurance, additional review, and to fully process all claims filed. *See* Suppl. Craig Decl. at ¶¶ 8-9.

Plaintiffs and Lead Counsel submit the $250,000 total cost estimate is fair and reasonable given the size of the Class, the number of claims submitted and the fact the expense represents a mere 1% of the Settlement Amount. *See, e.g.*, *Marchand v. Momo Inc., et al.*, No. 1:19-cv-04433, ECF No. 71 (S.D.N.Y. Mar. 31, 2021), and ECF No. 77-1 (S.D.N.Y. Jul. 22, 2021) (authorizing $500,000 in Notice and Administration Costs for 33,749 filed claims).

Accordingly, the Court should enter the [Proposed] Order Approving Additional Allowance for Administration of the Settlement submitted herewith as Exhibit 2 to the Berman Reply Decl., which increases the cost allowance for the Claims Administrator to administer the Settlement from $150,000 to $250,000.

- 6 -

## IV.   CONCLUSION

For the foregoing reasons and those set forth in the Final Approval Motions, Plaintiffs respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses, including the requested awards to Plaintiffs. Accordingly, Plaintiffs request that the Court enter the (1) [Proposed] Order and Final Judgment (ECF No. 210-1); and (2) [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (ECF No. 212-1).

Lastly, Plaintiffs and Lead Counsel respectfully request that the Court enter the [Proposed] Order Approving Additional Allowance for Administration of the Settlement submitted herewith to increase the $150,000 Settlement administration cost to $250,000.

DATED: August 11, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
     STEVE W. BERMAN
Steve W. Berman (admitted *Pro Hac Vice*)
Jerrod C. Patterson (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com

Lucas E. Gilmore (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

*Counsel for Lead Plaintiff David Cohn and*
*Additional Representative Plaintiff Chad L. Moshell*

- 7 -