UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD LINDSEY MOSHELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>Defendants. | Case No. 1:20-cv-01008-JPC<br><br><u>CLASS ACTION</u> |

**ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND
COMPENSATORY AWARDS TO PLAINTIFFS**

This matter came on for hearing on August 18, 2022 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *GlobeNewswire* on May 16, 2022, pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 1, 2022 (ECF No. 203-1) (the "Stipulation") and all

capitalized terms not otherwise defined herein shall have the same meaning as they have in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of 22% of the Settlement Fund ($5,280,000) plus interest, which sum the Court finds to be fair and reasonable. Lead Counsel is also hereby awarded $431,703.42 in payment of litigation expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $24,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

- 3 -

b. The fee sought is based on a retainer agreement entered into between Plaintiffs (Lead Plaintiff and Additional Plaintiff Representative), two investors that actively supervised the Action, and Lead Counsel at the outset of the Action; and the requested fee has been reviewed and approved as reasonable by Plaintiffs;

c. 89,110 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund plus interest, and for payment of Litigation Expenses in an amount not to exceed $600,000, and no objections to the requested attorneys' fees and expenses were received;

d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Lead Counsel devoted over 6,000 hours, with a lodestar value of approximately $3.7 million, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

010886-11/1967973 V1

6. Lead Plaintiff, David Cohn, is hereby awarded $20,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

7. Additional Plaintiff Representative, Chad Lindsey Moshell, is hereby awarded $15,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 19th day of August, 2022.

_____
Hon. John P. Cronan
United States District Judge