**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD LINDSEY MOSHELL, individually and on behalf of all others similarly situated, | Case No. 1:20-CV-01008-JPC |
| Plaintiff, | CLASS ACTION |
| v. | **[PROPOSED] ORDER FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS** |
| SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN, | |
| Defendants. | |

010886-11/2062527 V1

IT IS HEREBY ORDERED THAT:

1.      The Net Settlement Fund shall, at the direction of Lead Counsel, be distributed according to the five purchase time frames described in the Plan of Allocation and paragraph 7(a) of the Declaration of Margery Craig Concerning the Results of the Claims Administration Process. Specifically, total recognized losses for validly submitted claims are $105,678,701.16 and will be distributed as follows: (i) $25,778,618.00 for purchases that will receive 4% of the Net Settlement Fund for the period March 10, 2015, to September 6, 2015, inclusive; (ii) $30,995,208.41 for purchases that will receive 23% of the Net Settlement Fund for the period September 7, 2015, to June 5, 2016, inclusive; (iii) $8,399,450.51 for purchases that will receive 25% of the Net Settlement Fund for the period June 6, 2016, to February 26, 2017, inclusive; (iv) $37,291,446.83 for purchases that will receive 44% of the Net Settlement Fund for the period February 27, 2017, to August 15, 2019, inclusive; and (v) $3,213,977.41 that will receive 4% of the Net Settlement Fund for the period August 16, 2019, to January 13, 2020, inclusive.

2.      Any person asserting any rejected or subsequently filed claims, including claims filed after August 17, 2022, and any responses to deficiency and/or rejection notices received after November 18, 2022, are finally and forever barred from the date of this Order.

3.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund complies with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund, Net Settlement Fund or Escrow Accounts are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Settlement Fund or the Net Settlement Fund or the Releasees beyond the amount allocated to them pursuant to this Order.

010886-11/2062527 V1

4.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and the Claims Administrator, Strategic Claims Services ("SCS"), are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

5.      This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

**IT IS SO ORDERED.**

DATED:_____, 2022

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

Presented by:

Steve W. Berman (admitted *Pro Hac Vice*)
Jerrod C. Patterson (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com

Lucas E. Gilmore (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

*Counsel for Lead Plaintiff David Cohn and*
*Additional Representative Plaintiff Chad L. Moshell*

010886-11/2062527 V1