**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD LINDSEY MOSHELL, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>SASOL LIMITED, DAVID EDWARD CONSTABLE, BONGANI NQWABABA, STEPHEN CORNELL, PAUL VICTOR, and STEPHAN SCHOEMAN,<br><br>            Defendants. | Case No. 1:20-CV-01008-JPC<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS** |

010886-11/2062526 V1

**TABLE OF CONTENTS**

<u>**Page**</u>

I.     INTRODUCTION ...................................................................................................1

II.    DETERMINATION OF AUTHORIZED CLAIMS ...........................................1

     A.    Valid and Properly Documented Claims ..................................................2

     B.    Deficient and Ineligible Claims ...............................................................3

          1.    Inadequately Documented Claims ...............................................3

          2.    Ineligible Claims..........................................................................4

III.   PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND...............................5

IV.   CONCLUSION....................................................................................................6

010886-11/2062526 V1

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re "Agent Orange" Prod. Liab. Litig.*,
689 F. Supp. 1250 (E.D.N.Y. 1988) ...........................................................................................3

*In re Authentidate Holding Corp. Sec. Litig.*,
2013 WL 324153 (S.D.N.Y. Jan. 25, 2013) ..............................................................................3

*In re Crazy Eddie Sec. Litig.*,
906 F. Supp. 840 (E.D.N.Y. 1995) ............................................................................................3

010886-11/2062526 V1

## I.    INTRODUCTION

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement dated April 1, 2022 (the "Stipulation") (ECF No. 203-1).[1]

On April 18, 2022, the Court entered the Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 204). On August 19, 2022, the Court entered the Order and Final Judgment (ECF No. 219).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration"), concurrently filed herewith, at ¶¶ 6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants.

Accordingly, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Craig Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than July 5, 2022. Preliminary Approval Order ¶ 18(a). The Claims Administrator continued processing all claims received up to August 17, 2022. Craig Declaration

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

at ¶ 6. As a result of an effective notice program, through August 17, 2022, SCS has received 46,707 Claim Forms. *Id.* SCS reviewed all Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

### A.    Valid and Properly Documented Claims

Valid and properly documented claims should be approved. SCS analyzed the Claim Forms received through August 17, 2022, and determined that 31,127 valid and properly documented claims were received. *Id.* at ¶ 7(a). Of these claims, 31,091 were timely (i.e., postmarked no later than July 5, 2022) ("Timely Valid Claims") and 36 were postmarked after July 5, 2022, but received on or before August 17, 2022 ("Late Valid Claims"). Craig Declaration at ¶ 7(a). These valid claims represent Recognized Losses of $105,678,701.16,[2] and were calculated in the manner set forth in the Court-approved Plan of Allocation of the Net Settlement Fund ("Plan of Allocation"), included in the Notice. *Id.* The total recognized losses of $105,678,701.16 represents recognized losses of $25,778,618.00 for purchases that will receive 4% of the Net Settlement Fund for the period March 10, 2015, to September 6, 2015, inclusive; recognized losses $30,995,208.41 for purchases that will receive 23% of the Net Settlement Fund for the period September 7, 2015, to June 5, 2016, inclusive; recognized losses of $8,399,450.51 for purchases that will receive 25% of the Net Settlement Fund for the period June 6, 2016, to February 26, 2017, inclusive; recognized losses of $37,291,446.83 for purchases that will receive 44% of the Net Settlement Fund for the period February 27, 2017, to August 15, 2019, inclusive; and recognized losses of $3,213,977.41 that will receive 4% of the Net Settlement Fund for the period August 16, 2019, to January 13, 2020, inclusive. *Id.*

---

[2] This amount includes Recognized Losses for timely filed, valid claims of $104,563,316.71 and Recognized Losses for late (but otherwise valid) claims of $1,115,384.45. *Id.*

- 2 -

Lead Plaintiff requests that the Court accept all 31,127 valid claims, including the 31,091 Timely Valid Claims and the 36 Late Valid Claims. The Late Valid Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Lead Plaintiff believes that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the July 5, 2022 submission deadline, but while claims were still being processed. *See In re "Agent Orange" Prod. Liab. Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted qualifying late claimants and opt-out claimants to participate in settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *In re Authentidate Holding Corp. Sec. Litig.*, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation and quotation marks omitted); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Accordingly, Lead Plaintiff respectfully requests that the Court approve the 31,127 properly documented claims as listed in Exhibits B-1 and B-2 to the Craig Declaration.

## B.    Deficient and Ineligible Claims

### 1.    Inadequately Documented Claims

Inadequate claims should be rejected. SCS initially identified 128 inadequately documented claims. Craig Declaration at ¶ 7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.*, Exhibit C. Of the 128 claims initially identified as deficient, 59 have been successfully cured and are now considered valid. *Id.* The remaining 69 deficient claims either did

not respond to the inadequacy notice or responded with insufficient documentation. *Id.*, Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.* To date, none of the 69 rejected claimants has objected to or contested SCS's determination. *Id.*

Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 69 claims.

### 2.    Ineligible Claims

Ineligible claims should be rejected. In addition to the 69 claims discussed above in paragraph B.1, SCS has identified 15,511 claims that it recommends for complete rejection. Craig Declaration at ¶ 7(c), Exhibit E. Included in this category are: (i) claims with no Recognized Losses; (ii) American Depository Receipts ("ADRs") of Sasol Limited ("Sasol") that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; (iii) claims with ADRs of Sasol purchased outside of the Settlement Class Period; (iv) claims with shares sold short; (v) duplicate claims; (vi) claims withdrawn by filing entity; and (vii) claims filed for securities other than Sasol ADRs. *Id.* Such claimants were sent rejection notices advising them of SCS's determination. *Id.*, Exhibit F. To date, none of these ineligible claimants has contested SCS's determination.

Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 15,511 claims.

Further, in anticipation of completing this administration, Lead Plaintiff respectfully requests that the Court reject as untimely any claims received after August 17, 2022, and any responses to deficiency and/or rejection notices received after November 18, 2022. Craig Declaration at ¶ 8.

- 4 -

### III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation. Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 31,127 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Craig Declaration.

Under the Plan of Allocation, each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all 31,091 Authorized Claimants with Timely Valid Claims and 36 Authorized Claimants with Late Valid Claims, if the late claims are deemed valid by the Court. The Net Settlement Fund will be distributed according to the five purchase time frames described in paragraph II.A. above. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash. Craig Declaration at ¶ 9(a).

In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks shall bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation. Craig Declaration at ¶ 9(b).

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second

010886-11/2062526 V1

distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to Public Justice, P.C.[3] Craig Declaration at ¶ 9(c).

Further, Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible. Craig Declaration at ¶ 9(d).

Thus, based on the foregoing, Lead Plaintiff respectfully requests that the Court approve the above distribution plan.

## IV.    CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

---

[3] https://www.publicjustice.net/.

010886-11/2062526 V1

DATED: November 30, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    STEVE W. BERMAN
Steve W. Berman (admitted *Pro Hac Vice*)
Jerrod C. Patterson (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com

Lucas E. Gilmore (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

*Counsel for Lead Plaintiff David Cohn and*
*Additional Representative Plaintiff Chad L. Moshell*

- 7 -

010886-11/2062526 V1