```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CHAD LINDSEY MOSHELL, individually and on behalf                       :
of all others similarly situated,                                      :
                                                                       :
                                    Plaintiff,                         :    20 Civ. 1008 (JPC)
                                                                       :
                -v-                                                    :    ORDER
                                                                       :
SASOL LIMITED et al.,                                                  :
                                                                       :
                                    Defendants.                        :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 30, 2022, Lead Plaintiff David Cohen and Additional Plaintiff Representative Chad Lindsey Moshell (collectively, the "Representative Plaintiffs") filed a motion for the distribution of class action settlement funds. Dkt. 222. Accompanying that motion, the Representative Plaintiffs filed a Declaration signed by Margery Craig, Dkt. 224 ("Craig Decl."), a project manager for Strategic Claims Services ("SCS"), the corporation appointed as Claims Administrator in connection with this case. *Id.* ¶¶ 1-2. That Declaration explained the process SCS has employed in adjudicating claims filed by putative class members. *See id.* ¶¶ 6-9. In particular, it identified seven bases upon which SCS deemed claims to be ineligible for compensation. *Id.* ¶ 7.c. Neither the Representative Plaintiffs' motion nor the Craig Declaration provides any legal justification for the denial of those claims, however. The parties are therefore ordered to provide supplemental briefing setting forth the justification for denying claims falling into two of the categories listed in the Craig Declaration—namely, categories (ii) ("American Depository Receipts ('ADRs') of Sasol Limited ('Sasol') that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law") and (iv) ("claims with shares sold short"). That briefing should address, in particular, (1) whether an ADR "received, granted by gift,

inheritance, or operation of law" counts as an ADR "otherwise acquired" as used in the definition of the "Settlement Class" in the Court's Order and Final Judgment, Dkt. 219 ¶ 5; (2) what relationship must exist between a filed claim and that claimant's short position in Sasol Limited ADRs for the claim to be considered one "with shares sold short"; and (3) whether it is appropriate to deny any recovery to claimants "with shares sold short" when such claimants do not appear to be excluded by the definition of the Settlement Class and, therefore, have been deemed by the Order and Final Judgment, *id.* ¶ 9, to have released any claims they may have against Defendants that were asserted in this case or that relate to the purchase or acquisition of Sasol Limited ADRs, *see* Dkt. 203-1 ¶ 1(mm) (defining "Released Plaintiffs' Claims").

      SO ORDERED.

Dated: December 12, 2022
      New York, New York

                                              JOHN P. CRONAN
                                       United States District Judge